JOSEPH FERGUSON, an Infant, by HENRY A. FERGUSON, His Guardian ad Litem, and HENRY A. FERGUSON, Plaintiffs, *v.* JACOB RUPPERT, a Corporation, Defendant.*

Supreme Court, Special Term, New York County, January 12, 1938.

* See, also, p. 530, *post.*

*Leo Klein* [*Barnet S. Blume* with him on the brief], for the plaintiffs.

*Grant & Clark* [*Byron Clark, 3d*, of counsel], for the defendant.

BLACK, J.   The guardian *ad litem* presents an order for leave to compromise an action brought on behalf of the infant for personal injuries sustained by reason of the alleged negligence of the defendant.   The attorney for plaintiff has an agreement of retainer to the extent of such sum as the court may allow.   The infant is ten years of age.   He has received treatment, care and maintenance and was confined in the hospital from June 5, 1936, to August 21, 1936.   The hospital has filed a lien in the sum of $714.50.   The guardian protests the bill as exorbitant and unreasonable.   The lien is sought to be enforced pursuant to section 189 of the Lien Law.   The father and guardian of the infant plaintiff makes no claim for loss of services. At common law the natural guardian, and here the father, would be responsible for any necessaries furnished for the benefit of his children.   He would have a right of action for the same as well as for loss of services of his son.   Whether or not the statute is intended to deprive the father of such right of recovery and to shift the liability for such necessaries to the infant, payable out of the infant's estate, is not a question raised here.   However doubtful that question is, the issue is not presented.   The only issue is whether the hospital has established its lien in accordance with the statute.

Subdivision 1 of section 189 provides: " Every corporation incorporated under general law or special act as a charitable institution maintaining a hospital in the State supported in whole or in part by charity   *   *   *   shall   *   *   *   have a lien upon any and all rights of action, suits, claims, counterclaims or demands of any person *admitted to any such hospital and receiving treatment, care and maintenance therein,* on account of any personal injuries received within a period of one week prior to admission to the hospital and

as the result of the negligence of any other person * * * . or corporation, which any such injured person * * * as the result of such injuries, *may or shall have, assert or maintain* against any such other person or corporation for damages on account of such injuries, for the amount of the reasonable charges of such hospital, for such treatment, care and maintenance of such injured person *at cost rates in such hospital.*"

The court has no facts before it to determine whether or not the hospital has filed a valid lien or not. It is incumbent upon the hospital to establish (1) that it is a hospital within the provisions of the statute; (2) that the injured person received the injuries within one week prior to the admission to the hospital; (3) that the injured person has a cause of action for damages on account of such injuries; (4) the reasonableness of its charges; and (5) the *cost rates in such hospital.* The burden is on the hospital to establish these facts as well as any other essential facts which may be required by other sections of the statute. Unless the statute has been fully complied with, assuming that there is a liability against the injured person — the infant herein — no lien can attach to the cause of action whatsoever. In order that the lienor may have an opportunity to present its proof under oath or otherwise, it is essential that the hospital, the defendant and/or the insurance company receive notice in writing either by notice of motion or by notice of presentation of the order of compromise, so that any order made with reference to the claim of the lienor may be made binding and effective. The statute places, of course, the responsibility for payment of the lien upon the defendant if the statute has been complied with. It may be noted here also that where the lien filed is not in accordance with the statute it seems to me that the plaintiff, whether guardian, administrator, committee, or adult person, may move to vacate the lien if it is not in accordance with the statute. Whether the hospital has a claim against the injured person — *the infant* — or against the natural guardian, out of any cause of action for loss of services and medical expenses and/or hospitalization of the infant, is not determined at this time, for the hospital has not been cited to appear with reference to its claim and is not before the court, and it is impossible under the circumstances to make a binding order without its appearance. It may be that mere notice of presentation of the order for compromise plus the requirement that the hospital appear and submit proof of the validity of its lien and/or the *reasonable charges at cost rates in the hospital,* may be disposed of at Special Term, Part II, and the court may then and there take proof and refer the same to an official referee as to any issue of fact arising. In the instant case the compromise sug-

gested is $1,500. By subdivision 7 of section 189 of the Lien Law the lien of the hospital is subordinate to the lien of the attorney. If the attorney receives one-third of the recovery and disbursements, it will be observed there will be little left for the infant. In the circumstances the court believes that notice to the hospital is essential to a determination of the issue involved, and it requires some proof to indicate that the reasonable charges are at cost rates in the hospital. The court cannot hazard a guess or speculation as to the amount due the hospital, if anything, and the approval of the compromise is withheld until such time as the hospital has been properly brought into court.

The papers are returned to the clerk.