BENJAMIN FINKEL, as Administrator of the Estate of MOE FINKEL, Deceased, Plaintiff, *v.* NATHAN KUSHNER et al., Defendants.

Supreme Court, Special Term, Kings County, May 11, 1944.

*Harry A. Gair* for plaintiff.

*Hayt & Hayt* for Beekman Street Hospital.

HOOLEY, J.   Motion to set aside a lien filed by the Beekman Street Hospital under section 189 of the Lien Law against any recovery to be had by plaintiff.   This is a death action.   An offer has been made to settle the action for the sum of $5,000. The hospital has submitted a bill and filed a lien in the sum of $1,848.27.   If this is a proper charge, less than $700 will be available to the family of the deceased after the payment of the requested attorney's fee and the funeral bill.   Among the items objected to in the hospital bill are the items of $262.60

for X rays, $790 for surgeon's fees and medical consultations although decedent was a ward patient, and $301.05 for sundry other items. The plaintiff has no objection to paying reasonable hospital expenses. Efforts have been made to obtain a reduction of the hospital's bill but such efforts have been unsuccessful.

The affidavit in support of the motion asks that an order be made directing that a hearing be held before a referee to determine the fair and reasonable value of the services rendered by the hospital. The hospital submits that it has complied with section 189 of the Lien Law in the filing of its lien and that this court does not have authority to either fix the lien or to refer it to a referee to determine the value of the services. It asserts that the method of enforcing the lien in the event of a dispute as to the value of the services has been prescribed by subdivisions 9 and 10 of section 189 of the Lien Law, which provide that the money may be deposited with the City Chamberlain and that the hospital may enforce its lien by action against the person, persons or corporation claimed to be liable or against the fund deposited.

The statute, however, deals only with the cases where a verdict, decision, decree, judgment or final order has been made or rendered in a suit, action or proceeding, or, with the proceeds of a settlement or compromise received either after or before a suit, action or proceeding has been begun. There is no provision made for a situation where, as here, the settlement has not yet been consummated and where its acceptance will depend on what amount will be available to the family of the decedent after all proper claims are paid. The injured party or his representative is without a remedy to test the reasonableness of the hospital's lien in such a case and thus is deprived of an opportunity to properly evaluate the entire situation in advance of the settlement, being relegated to a defense in an action as, if and when brought by the hospital after the settlement has taken place.

Under the present conditions settlements are impeded and the injured persons are often compelled to pay bills which they feel are unjust and exorbitant in order to avoid the delay and expense involved in the present awkward methods provided by the statute for determination of the reasonableness of the amount of the lien. Such procedure places an undue hardship upon the person injured or his representative.

In *Ferguson* v. *Ruppert* (166 Misc. 427) the court pointed out that the hospital was bound to establish certain facts before its lien may attach. It is bound to show " (1) that it is a hospital within the provisions of the statute; (2) that the injured

person received the injuries within one week prior to the admission to the hospital; (3) that the injured person has a cause of action for damages on account of such injuries; (4) *the reasonableness of its charges;* and (5) *the cost rates in such hospital.*" (Underscoring ours.)

The court in the case last cited and also in *Ferguson* v. *Ruppert* (166 Misc. 530, 533) expressed the view that the lien is subject to an order of this court upon due notice to all parties interested in a proceeding to vacate the lien for want of compliance with the statutory requirements, even though there is no specific provision in the statute suggesting or providing for that relief.

This court is in full sympathy with the justice of the procedure suggested in the two cases last cited. However, the view of that court in that respect was obiter dictum. In addition, the whole subject of hospital liens is a creation of the statute and the statute creating the lien has provided the machinery for testing its validity. This court may not create new methods for testing the lien's validity and extent. This is a matter to which the Legislature of the State may well give its attention by adding suitable provisions to section 189 of the Lien Law which would enable a party interested, even before settlement of the action, to test expeditiously the validity and reasonableness of a hospital lien, a subject which has given the Bench and Bar some concern in recent years.

For the reasons hereinbefore expressed the court must deny the motion.