Joseph Ferguson, an Infant, by Henry A. Ferguson, His Guardian ad Litem, and Henry A. Ferguson, Plaintiffs, v. Jacob Ruppert, a Corporation, Defendant.*

Supreme Court, Special Term, New York County, March 1, 1938.

* See, also, p. 427, ante.

*Leo Klein* [*Barnet S. Blume* on the brief], for the plaintiffs.

*Grant & Clark* [*Byron Clark, 3d,* of counsel], for the defendant.

*Morris Deutsch,* appearing specially for the Lenox Hill Hospital.

*William C. Chanler, Corporation Counsel* [*George O. Redington* of counsel], *amicus curiæ.*

BLACK, J. The infant plaintiff by his guardian has applied for leave to compromise an action brought for injuries sustained by the infant because of the alleged negligence of the defendant. The father of the infant is joined as a party plaintiff to recover for alleged loss of services of his son. An offer of settlement of the infant's action has been made by the defendant. The defendant offers the sum of $1,500 for settlement of both causes of action.

This motion is made by the plaintiffs to have the alleged lien of the Lenox Hill Hospital, a corporation, determined, and if so determined, to fix the extent thereof. The hospital claims a valid lien in accordance with section 189 of the Lien Law. The movant requires the hospital to establish:

(a) That it is a hospital within the provisions of the statute;

(b) That the injured person received the injuries within one week prior to the admission to the hospital;

(c) That the injured person has a cause of action for damages on account of such injuries;

(d) The reasonableness of its charges;

(e) The cost rates in such hospital; and

(f) For a further order compelling the Lenox Hill Hospital to set forth that its lien for services rendered under section 189 of the Lien Law attaches to the infant's cause of action or any moneys derived therefrom in the way of compromise.

The hospital has submitted proof by affidavit and other exhibits showing that the matters contained in items (a) to (e) hereof have been established. The plaintiff does not submit any proof to controvert the matters set forth in the items referred to, so as to require further proof before the court or before an official referee. The court will, therefore, assume, in the absence of any question being raised, that the charges claimed by the lien filed are " reasonable " and " at cost."

The defendant appearing on the motion asks that a sufficient amount of the compromise money be deposited in court, so that as between the parties an action may determine the extent of the lien and that defendant may not be placed in a position of being required to pay over again.

The corporation counsel in his memorandum suggests that the fund allocated to the hospital in discharge of its lien be deposited in court so that the hospital be required to commence an action and the city may intervene to collect moneys paid to the hospital by the city for the care of the infant plaintiff. The hospital, however, in the affidavit states: " The Lenox Hill Hospital respectfully appears specially herein merely for the purpose of furnishing the Court with the information herein before set forth *and does not submit to jurisdiction of this Court* on this application and in this manner to determine the validity of or to enforce its lien, by reason of the fact that said Section 189 of the Lien Law prescribes the manner in which such lien must be enforced if not satisfied."

The manner of enforcing its lien is stated in subdivisions 9 and 10 of section 189 of the Lien Law which provide as follows:

" 9. Upon the order of any court of record having jurisdiction in the premises, any person, persons or corporation against whom a

lien shall have been filed and served may deposit the amount of any settlement or judgment less the amount of any other liens or claims against such moneys superior to such hospital lien, with the county treasurer in the county in which the lien is filed, except, in a county within the city of New York where such deposit shall be made with the city chamberlain of such city, and the person, persons or corporation so depositing shall be discharged from all liability in connection with such lien which lien shall attach to the fund so deposited.

" 10. Any such lien may be enforced by action at law against the person, persons or corporations claimed to be liable or against the fund deposited as hereinbefore provided in any court of record."

It is apparent, therefore, that the lien of the hospital is one to be enforced by action unless all of the parties are in agreement that the lien has been duly filed and preserved in accordance with the provisions of the statute so as to constitute a valid lien upon the proceeds of the fund — a judgment so recovered and to be paid.

The responsibility for discharge of the lien is primarily upon the person or corporation who is charged with the negligence, and it is for the protection of such person or corporation that, in the event of dispute as to the amount of the lien and/or whether or not the lien has been duly perfected, the person or corporation required to pay by way of settlement or in satisfaction of a judgment can be protected from a payment over.

However, it seems to me that the lien is subject to an order of this court, upon due notice to all parties interested in a proceeding to vacate the lien for want of compliance with the statutory requirements, even though there is no specific provision in the statute suggesting or providing for that relief. If the lienor does not comply with the provisions in the manner provided to perfect a lien, the parties to the action should not be relegated to a defense in an action to be brought within the time provided for the enforcement of the lien after deposit of the amount of the lien with the city chamberlain or the county treasurer, which for the purposes of subdivision 3 constitutes payment.

Subdivision 3 of section 189 of the Lien Law, as to the time within which the person or corporation shall remain liable for the payment of the lien of the hospital, provides: " After the filing of the notice and mailing of the copy and statement as herein provided, no release of any judgment, claim, or demand by such injured person shall be valid or effective against such lien, and the person or persons or corporation making any payment to such injured person or his legal representative for the injury sustained shall *for a period of one year from the date of such payment as aforesaid remain liable to such hospital for the amount of its reasonable charges as aforesaid due at the time*

*of such payment,* to the extent of the full and true consideration paid or given to the injured person or his legal representative, less the amount of any other liens or claims against such moneys superior to such hospital lien, and any such corporation or other institution or body maintaining such hospital may within such period enforce its lien by suit at law against such person or persons or corporation making any such payment or gift." (Italics mine.)

The exception to the liability imposed by subdivision 3 is found in subdivision 6, which provides: " The lien of any such hospital under the provisions of this section shall not apply to any award * * * pursuant to the Workmen's Compensation Law of this State, nor to the proceeds * * * in respect to the injury for which a lien is filed, nor in case the amount paid to the injured person or his representative in the event of death in settlement or compromise is three hundred dollars or less," so that where the injured person or his legal representative in case of death receives $300 or less, the lien does not attach.

The guardian *ad litem* of the infant must of necessity obtain leave of this court to settle or compromise a cause of action, and if the application is made before the action is commenced, rule 294 of the Rules of Civil Practice would apply as to the contents of the petition and other proofs to be submitted. The court, of course, has no power over the settlement to be made by a parent for loss of service action, but in connection with the application to compromise the infant's action, it must be disclosed what settlement is proposed for such action and the amount the attorney expects to receive from that action, so that compensation of the attorneys may be fixed in the infant's action based upon the amount so to be received. Of course, the loss of service action, if settled for an amount larger than is justified, will permit the attorneys to receive a percentage or contingent fee not subject to review unless it be highly improper and beyond the amount to which such attorney is entitled, but in this case that question does not come to the court's attention. There would be reason under the Lien Law, section 189, subdivision 6, to award the parent more than is proper so as to limit recovery for the injured infant to $300 or less. The fact that the court approves a settlement which may tend to indicate an improper award to the parent may still subject the " person or corporation " paying same to a claim by the hospital that it was improper unless the hospital and the person or corporation had had due notice of the presentation of the application for leave to compromise and an opportunity to be heard. The attorney for the injured person has, of course, by section 189, subdivision 7, of the Lien Law a priority of lien which cannot be subjected to the lien of the hospital.

For the instant case it appears that the defendant has offered the sum of $1,500 in settlement of the two actions, the infant's and the father's action for loss of services. It is proposed by the attorneys for the plaintiffs that the sum of $1,000 be allocated to the infant and $500 to the loss of service action. Whether the settlement be approved of on this basis is not before the court on this motion, but is to be determined upon the papers to be presented to the court. If the previous application made *ex parte* is still held in abeyance, the disposition as to the allocation of the total settlement will be made after disposition of this motion.

As the guardian *ad litem* on this motion does not question the amount of the lien and as the hospital objects to the jurisdiction to pass upon the lien, no disposition on the merits will be made, particularly since the defendant also asks that the amount of the lien be deposited, as does the corporation counsel for the city of New York appearing as *amicus curiæ*, who suggests a deposit to await an action to enforce the lien to be instituted by the lienor. If that be done, the defendant may safely pay without subjecting it to a double payment.

The city of New York informs the court by its memorandum of law that it has paid to the hospital the sum of $234, representing seventy-eight days the infant was confined in the hospital at the rate of three dollars per day. The court is not called upon to determine whether the city is entitled to be repaid that sum from the hospital or whether it has an equitable lien on the fund which may be payable to the hospital. The city, the court is informed, has made an agreement to that effect with the hospital pursuant to the authority of section 693-a of the old charter, now part of Local Law No. 8 of 1928, in effect November 9, 1928. If the city is entitled to reimbursement to the extent of the amount received by the hospital in satisfaction or discharge of its lien, that question may be disposed of by action or otherwise. It seems to me, therefore, that the terms of compromise of the action will require the deposit of the amount of the lien with the city chamberlain, and the parties interested may litigate the reasonableness of the same under the provisions of the statute.

The plaintiff insists that the infant is not liable for the hospital lien. It is true that at common law the parent or guardian would be primarily liable for necessaries where the infant has no separate estate, and as the infant has no cause of action for recovery of such hospital expenses, the amount thereof may not be taken from the infant's share of the settlement. The injured person indicated in the statute is the person who has received hospitalization and not the parent who has been injured to the extent of loss of services. The plaintiff calls attention to *Clarke* v. *Eighth Ave. R. R. Co.* (238 N. Y.

246), upon the theory that the infant may not recover for medical expenses and the like. Upon a trial of an action, in my opinion, the amount for which a lien for hospitalization has been filed in accordance with the statute may be recovered in an action by the infant. This fact does not preclude recovery in the loss of service action for any other expense for which the guardian or parent becomes liable. The guardian or parent not being liable for the amount of hospitalization could not, in any event, seek recovery as to such lien as a part of his cause of action. If the infant, the injured person, is liable to payment contingent upon recovery by settlement or otherwise, the amount of such lien must of necessity be a part of the damages receivable by such injured person.

In the circumstances here disclosed the plaintiff will be required to deposit the amount of the lien of the hospital with the city chamberlain as a basis of settlement, as on this motion only the validity of the lien is established. The amount as to reasonableness or costs may be determined in an action brought by the hospital to enforce its lien. If the compromise as suggested is acceptable to the plaintiffs' attorneys, the usual papers for compromise and fixation of compensation of such attorneys may be presented or resubmitted as an *ex parte* application, the order to require a deposit to the extent of the lien as herein provided.