# Richmond

EVA JANE MOSES, AN INFANT, ETC. v. BETTY JEAN AKERS.

November 27, 1961.

Record No. 5341.

Present, All the Justices

*Kenneth I. Devore* (*Marcus H. Long; Snidow & Devore,* on brief), for the plaintiff in error.

*James C. Turk* (*Dalton, Poff & Turk,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Eva Jane Moses, an infant, who sues by her mother and next friend, Hallie McMahon, against the defendant, Betty Jean Akers, an infant, to recover damages for injuries suffered by her while riding as a guest passenger in an automobile involved in a non-collision accident as a result of the defendant's alleged gross negligence in the operation of the car. The plaintiff was married several months after the injuries were sustained and the style of the case was changed before trial to carry her married name.

A trial by jury resulted in a verdict in favor of the plaintiff for $2,000, upon which judgment was entered after the trial court overruled plaintiff's motion to set aside the verdict of the jury on the ground of inadequacy and to grant a new trial on the question of damages only. From this judgment we granted plaintiff a writ of error.

The plaintiff contends that the court erred (1) in not allowing her to prove the hospital, medical and dental expenses incurred as a result of her injuries; and (2) in not setting aside the verdict of the jury and granting a new trial limited to the question of damages only.

Our treatment of the issues involved will not require a statement of the facts.

At the outset we are confronted with the validity of the judgment obtained. It appears from the record that at the time of the trial the defendant was an infant, and it does not affirmatively appear that a guardian *ad litem* was appointed in the court below to represent her interest. Indeed, it was conceded at the bar of this Court that a guardian *ad litem* was not appointed and no request was made for such appointment.

Section 8-88, Code of 1950, 1957 Replacement Volume, provides in part as follows:

"The proceedings in a suit wherein an infant * * * is a party shall not be stayed because of such infancy * * *, but the court * * * shall appoint some discreet and competent attorney-at-law as guardian ad litem to such infant * * * whether such defendant shall have been served with process or not; or, if no such attorney be found willing to act, the court * * * shall appoint some other discreet and proper person as guardian ad litem * * *. Any such guardian ad litem may also be appointed by the clerk of the court. Every guardian ad litem

shall faithfully represent the interest or estate of the infant * * * for whom he is appointed, and it shall be the duty of the court to see that the estate of such defendant is so represented and protected."

It is the settled law of this Commonwealth that a personal judgment rendered against an infant for whom it does not affirmatively appear of record that a guardian *ad litem* has been appointed is void. *Turner* v. *Barraud,* 102 Va. 324, 330, 331, 46 S. E. 318, 320; *Kanter* v. *Holland,* 154 Va. 120, 122, 152 S. E. 328, 329; *Cape Charles Flying Service* v. *Nottingham,* 187 Va. 444, 456, 47 S. E. 2d 540, 546; Burks Pleading and Practice, § 63, Infants, pp. 128, 129. Hence the judgment obtained in this case will have to be set aside and the action remanded for a new trial.

■ On a retrial, the question of whether the plaintiff can introduce in evidence the hospital, medical and dental bills incurred in healing or attempting to be healed of her injuries will be before the court. Hence, we will deal with plaintiff's first assignment of error.

The plaintiff's sole contention in the trial court was that since an infant is responsible for necessaries furnished her, the expense incurred in the necessary treatment of her injuries was an element of her damages which could be proved in this action.

It is well settled that in case of an injury to an unemancipated infant by wrongful act two causes of action ordinarily arise. One cause of action is on behalf of the infant to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority. The other is on behalf of the parent for loss of services during minority and necessary expenses incurred for the infant's treatment. *Watson* v. *Daniel,* 165 Va. 564, 573, 183 S. E. 183, 187; 67 C. J. S., Parent and Child, § 40, pp. 740, 741. The parent's cause of action is founded upon the principle that he is primarily responsible for the necessary expenses incurred in curing or relieving the infant of his injuries. 30 Am. Jur., Parent and Child, § 80, pp. 724, 725.

An infant is not entitled to recover the expenses incurred in healing or attempting to be healed of his injuries in an action brought against a tort-feasor to recover damages for personal injuries unless (1) he has paid or agreed to pay the expenses; or (2) he alone is responsible by reason of his emancipation or the death or incompetency of his parents; or (3) the parent has waived the right of recovery in favor of the infant; or (4) recovery therefor is permitted by statute.[1] 43 C. J. S.,

---

[1] Sec. 32-138, Code of 1950, and the sections on the subject which follow provide for liens on the claim of an injured person in a tort case in favor of a hospital, physician or nurse in specified amounts and prescribe the procedure for perfecting

Infants, § 104(d), pp. 268, 269, 270; Annotation, 32 A. L. R. 2d, beginning at p. 1061. See also 5 Mich. Jur., Damages, § 26, pp. 516, 517.

Section 8-629[2], Code of 1950, 1957 Replacement Volume, recognizes the common law rule that two separate causes of action arise out of an injury to an infant by wrongful act. The statute allows any parent or guardian of such infant to file an action against the same tort-feasor for expenses incurred in curing or attempting to cure the infant of the injury, and permits the infant's pending action and the action of the parent or guardian to be tried together at the same time as a part of the same transaction, but there must be separate verdicts and judgments.

The contention of the plaintiff that evidence of the expense incurred for curing or relieving her of her injuries is admissible in this action because she is responsible for the necessary treatment of her injuries is without merit.

The plaintiff was living with her mother and was not emancipated at the time of the accident. Since her father was dead at that time, her mother was primarily responsible for the necessary bills incurred in the treatment of the plaintiff's injuries, and ordinarily the right to bring an action for recovery of the expenses incurred would be in the mother and not the infant. *Ellington* v. *Bradford*, 242 N. C. 159, 86 S. E. 2d 925, 926; 39 Am. Jur., Parent and Child, § 38, pp. 640, 641, 642.

The infant plaintiff did not contend that the evidence of the expense incurred for hospital, medical and dental care was admissible because she had paid or agreed to pay the expenses; or that she alone was responsible for their payment; or that her mother had waived her right of recovery in her favor; or that she was permitted to recover by statute. Thus the cause of action for recovery of the expenses incurred belonged to the mother, who was primarily liable, and the trial court properly excluded the evidence.

---

same. For construction of a somewhat similar statute, see *Ferguson* v. *Ruppert*, 3 N. Y. S. 2d 9, 15, 166 Misc. 530.

[2] The pertinent part of § 8-629 reads as follows: "When there is pending any action by an infant plaintiff against a tort feasor for personal injury, any parent, or guardian of such infant, who is entitled to recover from the same tort feasor the expenses of curing or attempting to cure such infant from the result of such personal injury, may bring an action against such tort feasor for such expenses, in the same court where such infant's case is pending, and upon motion of any party to either case, made to the court at least one week before the trial, both cases shall be tried together at the same time as parts of the same transaction. But separate verdicts when there is a jury trial shall be rendered in each case, and the judgment shall distinctly separate the decision and judgment in each case."

While it is true that the infant plaintiff alleged in her motion for judgment that she was forced to spend large sums of money in an effort to be relieved of her suffering and replacing her teeth, which were broken in the accident, she contended for the first time in her argument before this Court that the evidence was admissible on the basis of her pleadings. That contention cannot now be considered. Rule 1:8, Rules of Court. Moreover, the plaintiff admitted that she could not present evidence to support the allegation because she had not paid the hospital, medical and dental bills, and she did not contend that she had agreed to pay them.

For the reasons stated, the judgment of the court below is void and this case is remanded for a new trial.

*Reversed and remanded.*