COMMONWEALTH OF VIRGINIA, *EX REL.*, ETC.

V.

DAVID ARTHUR LEE, AN INFANT, ETC.

Record No. 881143

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Cochran, Retired Justice

*Pamela A. Sargent, Assistant Attorney General (Mary Sue Terry, Attorney General; H. Lane Kneedler, Chief Deputy Attorney General; Gail S. Marshall, Deputy Attorney General; Mary Yancey Spencer, Senior Assistant Attorney general, on brief), for appellant.*

*W. W. Whitlock (John D. Whitlock, on brief), for appellee.*

JUSTICE RUSSELL delivered the opinion of the Court.

This appeal presents the question whether Code § 8.01-66.9, which gives the Commonwealth a lien for medical services rendered to a person injured by a tort-feasor, applies to an infant settlement.

In 1986, David Arthur Lee, an infant, was seriously and permanently injured as a result of an automobile accident in Pinellas County, Florida, in which he was struck by a vehicle driven by Kathleen Gest. The infant and his parents brought separate ac-

tions against Kathleen Gest in a Florida court, but the pleadings in those cases are not in the record. No action at law was ever filed in a Virginia court.

David received treatment for his injuries at the University of Virginia Hospital, in Charlottesville. The Virginia Department of Medical Assistance Services paid part of his expenses under the Medicaid program. Pursuant to Code § 8.01-66.9, the Rector and Visitors of the University of Virginia asserted a lien upon the infant's claim against Kathleen Gest in the amount of $151,042.61 to recover the hospital expenses. The Commonwealth also asserted a lien for the Medicaid payments in the amount of $34,044.71. The liens (collectively, the Commonwealth's liens) were asserted by notice sent to the infant's counsel.

In 1987, W. W. Whitlock qualified in Virginia as the infant's guardian. In 1988, the guardian filed a "Petition for Approval of Settlement of Infant's Personal Injury Claim" in the court below. The petition recited that Kathleen Gest and the guardian, subject to the court's approval, were willing to settle the infant's claim for $99,000, but that the asserted liens were outstanding. The petition contended that the liens were invalid because the infant was not liable for his medical expenses. The guardian argued that only the infant's parents were liable for the cost of their son's medical treatment and, therefore, that the liens could only attach to the parents' claim against the alleged tort-feasor. The guardian petitioned the court to approve the settlement and to authorize distribution of the proceeds free of the Commonwealth's liens.

At a hearing in July 1988, after notice to the lienholders, the court ruled that Code § 8.01-66.9 was inapplicable because the infant plaintiff had no contract with the hospital for its services, that his claim against the tort-feasor was only for his pain, suffering, and disability, and that the Commonwealth's liens did not attach to his claim because he was not entitled to recover his medical expenses from the tort-feasor. The court entered an order approving the settlement and directing disbursement of the proceeds free of the Commonwealth's liens. We granted an appeal to the Commonwealth and to the Rector and Visitors.

■ In *Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864 (1961), we stated the general rule that an infant is not entitled to recover his medical expenses from a tort-feasor, subject to four exceptions: (1) where the infant has paid or agreed to pay the expenses, (2) where he alone is responsible for the expenses by reason of his

emancipation or the death or incompetency of his parents, (3) where the parents have waived their right of recovery in the infant's favor, or (4) where recovery of the medical expenses is permitted by statute. *Id.* at 132, 122 S.E.2d at 866. A footnote appended to the fourth exception cites a statutory predecessor of Code § 8.01-66.9, which provided for liens on an injured person's claim in favor of physicians, nurses, and hospitals. *Id.* n.1.

The Commonwealth argues that, under the fourth exception in *Moses*, the infant was entitled to recover his medical expenses, and the court erred in deciding otherwise. It is unnecessary, however, for us to determine in this case whether the infant could recover his own medical expenses in an action against the alleged tort-feasor. We think the Commonwealth's liens attach to the infant's claim for a more fundamental reason.

At all times pertinent to this case, Code § 8.01-66.9 provided:

> Whenever *any person* sustains personal injuries and receives treatment in any hospital . . . the Commonwealth . . . shall have a lien for the total amount due for the services . . . provided at such hospital . . . *on the claim of such injured person* . . . against the person . . . who is alleged to have caused such injuries . . . .

(Emphasis added.) Another section, 8.01-66.5, provides that the lien may be perfected by giving written notice to the injured person or his attorney. There is no requirement that suit must be pending against the alleged tort-feasor when the lien is perfected.

The term "any person," in Code § 8.01-66.9, is not limited in scope to persons *sui juris*. It includes infants within its plain meaning. Likewise, the phrase "claim of such injured person" means precisely what it purports to say. The statute imposes the Commonwealth's lien upon the injured person's *claim* against the alleged tort-feasor, regardless of the nature of the claim. The General Assembly could have limited the Commonwealth's lien to an injured person's claim for medical expenses, but it did not choose to do so. Instead, the General Assembly, using the broadest language available, imposed the lien on claims of every kind. Thus, it is immaterial whether the medical expenses, in this

case, are recoverable by the infant. Even if his claim is limited, the Commonwealth's liens attach to such claim as he has.

■ The legislative purpose of Code § 8.01-66.9 was to secure to the public treasury such recompense as could be found, where public funds had been expended for the treatment of tortious injuries. In cases of the present kind, a lien on the injured infant's claim might have some prospect of collection. By contrast, the parents would have little incentive to prosecute their claim for medical expenses against the alleged tort-feasor, particularly in the courts of a foreign jurisdiction, in a case where any recovery would inure to the government.

■ In *Commonwealth* v. *Smith*, 239 Va. 108, 387 S.E.2d 767 (this day decided), we discussed the final sentence of Code § 8.01-66.9, which empowers the court "in which a suit by an injured person or his personal representative has been filed" to reduce the Commonwealth's lien under certain circumstances. At the times pertinent to the present case,* even though the Commonwealth could have perfected its liens before suit was filed, the court had no jurisdiction to reduce the liens unless a suit were pending in that court brought by the injured person against the alleged tort-feasor.

■ We conclude that the Commonwealth's liens attached to the infant's claim, that the court erred in setting them aside, and that the court lacked jurisdiction to reduce them in this infant settlement proceeding. Accordingly, we will reverse the order appealed from and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

* As we noted in *Smith*, the General Assembly, in 1989, rewrote the final sentence of Code § 8.01-66.9 to vest the power to reduce the Commonwealth's lien in the court in which suit has been filed or, if suit has not yet been filed, in the court "in which such suit may properly be filed." The effective date of the amendment was made July 1, 1990. Acts 1989, c. 624.