James **MOSSOW**, a minor by Mary Jane **MOSSOW** as mother and natural guardian, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–1227.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided March 15, 1993.

---

Robert W. Rischmiller, Minneapolis, MN, argued (Roger J. Aronson, on the brief), for appellant.

Kenneth W. Saffold, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,* Senior District Judge.

MAGILL, Circuit Judge.

James Mossow, a cerebral palsied civilian offspring of Air Force parents, appeals from the district court's order dismissing for lack of subject matter jurisdiction his claim under the Federal Tort Claims Act for damages resulting from military legal malpractice. He alleges he was given negligent legal advice about a claim for neonatal injuries at the time of his birth. We reverse the district court's holding that the

* THE HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

claim is *Feres*-barred and remand for proceedings on the merits. In so holding, we follow the Fourth, rather than the Fifth and Sixth Circuits.

## I. BACKGROUND

James Mossow was born on July 11, 1982, at the United States Air Force Hospital on Langley Air Force Base in Langley, Virginia. At the time of his birth, both of his parents were serving on active duty in the Air Force. James claims severe neonatal birth injuries as a result of medical negligence during delivery. He suffers from cerebral palsy, mental retardation, blindness, and seizures. Shortly after James' birth, his father sought legal advice from a staff attorney at the Base legal office concerning whether the parents had a claim against the government for these injuries. He was told he and his wife could not file a claim because they were both on active duty in the Air Force. When Mr. Mossow asked concerning James' individual right to file a claim, being a civilian, the staff attorney likewise advised James could not file a claim.

Because of this advice, James did not file a claim for damages, and his cause of action for medical negligence under the Federal Tort Claims Act[1] (FTCA) was barred by the statute of limitations in July 1984. In December 1987, James discovered the legal advice was incorrect, and he could have filed his own medical malpractice claim. In November 1988, he filed a claim for damages under the FTCA, alleging medical and legal malpractice.[2] James then brought the instant lawsuit in August 1989, claiming damages due him for the injuries he received. James is the real party in interest in this lawsuit, and his parents are not claiming any damages. The district court dismissed James' complaint for lack of subject matter jurisdiction, holding the medical malpractice claim was not timely filed and is barred under the statute of limitations, and that the legal malpractice claim is not time-barred, but is

*Feres*-barred. James' dispute is limited to the court's holding that his legal malpractice claim is barred under *Feres*. The government contends the legal malpractice claim is time-barred and precluded by 28 U.S.C. § 2680.

## II. DISCUSSION

### A. Statute of Limitations

The material facts concerning this issue are undisputed. We review to determine whether the evidence is sufficient to support the district court's legal conclusion that the legal malpractice claim was timely filed. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990).

█ The FTCA provides a tort claim is barred unless presented within two years after the claim accrues. 28 U.S.C. § 2401(b). A claim accrues under the FTCA when the injured party discovers, or should have discovered in the exercise of reasonable diligence, the critical facts and cause of the injury. *United States v. Kubrick*, 444 U.S. 111, 117–25, 100 S.Ct. 352, 356–60, 62 L.Ed.2d 259 (1979).

█ The government appears to suggest these legal and medical malpractice claims should be combined, and the combined claim accrued in 1982, when James first knew of his physical injuries and received the legal advice. We disagree. James' claim involves two distinct injuries. He claims he was injured physically by medical malpractice, and he claims he was injured by losing his medical malpractice claim through legal malpractice. The legal malpractice claim, therefore, is a separate cause of action from the medical malpractice claim, and the claims did not necessarily accrue at the same time.

█ The documents upon which the district court relied to conclude that James' legal malpractice claim was timely filed reveal that James did not know he had suffered the injury of losing his cause of

---

1. 28 U.S.C. §§ 1346, 2671–2680.

2. We note that neither medical nor legal negligence has been established. However, for purposes of simplicity, we will address the issues in this case as if negligence did occur.

action until December 1987. He discovered the facts and cause of his legal malpractice injury at that time, when he was informed the legal advice he received was incorrect. Therefore, his cause of action for the legal malpractice claim accrued in December 1987, and he filed the claim for this injury in November 1988, well within the two-year statute of limitations. The evidence which was before the district court is sufficient to support the conclusion that the claim was timely filed.

## B. The *Feres* Doctrine

The waiver of sovereign immunity under the FTCA is subject to an exception known as the *Feres* doctrine. *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In *Feres*, the Supreme Court reasoned Congress did not intend when enacting the FTCA to waive sovereign immunity for suits by members of the armed services against the United States. The Court held the United States is not liable under the FTCA for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159.

The Court further explained the reasoning for the *Feres* doctrine in *Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). It stated the three factors supporting the *Feres* doctrine are: (1) the distinctly federal relationship between service members and the government which makes it senseless to allow state law to affect the government's liability to service members; (2) the existence of no-fault military compensation schemes for service members; and (3) the negative effect on military discipline which would result from second-guessing military orders. *Id.* at 672–73, 97 S.Ct. at 2058. The Court reaffirmed the importance of all three of these factors in *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987).

■ It is undisputed that under *Feres*, claims brought by service members for service connected injuries are barred. *See United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987); *Bowers v. United States*, 904 F.2d 450 (8th Cir. 1990). However, claims are not barred under *Feres* when brought by civilians or civilian dependents of service members who have sustained a direct injury from military personnel. *Piper v. United States*, 887 F.2d 861 (8th Cir.1989); *Burgess v. United States*, 744 F.2d 771 (11th Cir.1984); *Portis v. United States*, 483 F.2d 670 (4th Cir.1973).

■ It is a fact question whether James was directly injured by negligent legal advice. Under Virginia law,[3] James owned the cause of action for any pain and suffering, permanent injury, and impairment of earning capacity resulting from the negligent medical actions directed at him.[4] *See Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864, 865–66 (1961); *Bulala v. Boyd*, 239 Va. 218, 389 S.E.2d 670, 675–76 (1990). James had a potential suit under the FTCA against the government for those injuries. The staff attorney stated James could not bring a suit,[5] and James lost his cause of

---

3. Virginia state law applies because the acts of negligence took place in that state. *See* 28 U.S.C. § 1346(b).

4. In Virginia, two causes of action arise when an infant suffers a personal injury. *Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864, 865–66 (1961). One cause is the infant's, to recover damages for pain and suffering, permanent injury, and impairment of earning capacity after reaching majority. *Id.* The other cause of action is the parent's, to recover for loss of services and for necessary expenses incurred in treating the infant. *Id.* An infant suing a physician for birth injuries is a patient in his own right, the cause of action for injuries he sustained belongs to him, is separate from any cause of

action the mother may have for negligent care, and is not derivative of the mother's claim for injuries. *Bulala v. Boyd*, 239 Va. 218, 389 S.E.2d 670, 675–76 (1990).

5. Although the claims officer spoke to James' father, the advice concerning James' right to bring a claim was given to James. The claims officer had an affirmative duty to provide James with legal assistance. *See* Dept. Air Force Regs. 110–22.2(a), 110.3. As an infant, James was incompetent; therefore, he needed to receive advice and decide how to act on that advice through a representative. James' father was James' legal representative, receiving the assistance on his behalf. *See* Fed.R.Civ.P. 17 (allowing a parent to bring suit on behalf of an

action because of this negligent legal advice.[6] James suffered a direct injury when he lost his potential cause of action for medical malpractice, therefore his legal malpractice claim is not barred under the *Feres* doctrine.

### C. The Genesis Test

■ The government contends that even if the *Feres* doctrine does not directly bar James' claim, it is barred under the genesis test. We disagree.

The genesis test evolved from *Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), which found a third party's claim that was derivative of a serviceman's claim is also barred under *Feres*.[7] This derivative claim is one which had its basis in the serviceman's claim, and would not exist but for the serviceman's claim. Circuit courts have further expanded *Stencel* to bar claims for derivative injuries to civilians when the injuries have their "genesis" in a service-related injury to a service member. *See, e.g., Mondelli v. United States*, 711 F.2d 567 (3d Cir.1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 677 (1984); *Lombard v. United States*, 690 F.2d 215, 223 (D.C.Cir.1982), *cert. denied*, 462 U.S. 1118, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983). In other words, the genesis test was developed to bar claims when the injury to the civilian is a result of an injury to the service member.

The Fourth Circuit recently addressed application of the genesis test in a case analogous to James'. *Romero by Romero v. United States*, 954 F.2d 223 (4th Cir. 1992). In *Romero*, an infant born to a mother in the armed services was claiming damages for birth injuries. The medical procedure which would have prevented the injuries to the infant would have been taken on the mother's body. However, the goal of the necessary procedure would have been to protect only the infant, and would not have affected the mother's health. The court stated that analyzing the case under the genesis test was inappropriate because the genesis test "was intended to address purely derivative injury—civilian injury that derives from a service-related *injury to a service person*. In our view, the relevant inquiry in a genesis analysis is whether a service member was injured, not whether the negligent act occurred during active duty service." *Id.* at 226 (emphasis added). Because the physical injury to the infant occurred when the government breached the duty of care owed directly to the infant, and was not derivative of an injury to a service person, the infant's claim for birth injuries was not *Feres*-barred under the genesis test. *Id.*

■ We agree with the Fourth Circuit, and hold the genesis test is applicable to bar a civilian's claim under the FTCA only when the civilian's injury is derivative of a service-related injury to a service member.[8]

infant, in the infant's name); Va.Code Ann. § 8.01–8 (Michie 1992) (allowing infant to sue by his next friend); *Womble v. Gunter*, 198 Va. 522, 95 S.E.2d 213 (1956) (stating parent does not need to be formally appointed as an infant's next friend).

**6.** Although Virginia tolls statutes of limitations for infants, *see* Va.Code Ann. § 8.01–229 (Michie 1992), the FTCA contains no similar provision. Therefore, the two-year statute of limitations on James' medical malpractice claim under the FTCA is not tolled while he is an infant.

**7.** In *Stencel*, a serviceman was injured because of an aircraft malfunction. The serviceman sued the aircraft manufacturer, and the manufacturer sued the United States for indemnity. The Court found that the rationale for the *Feres* doctrine applied with equal force when a suit is brought by the serviceman or by a third party,

and barred the manufacturer's claim under *Feres*. *Stencel*, 431 U.S. at 673, 97 S.Ct. at 2058.

**8.** The government argues it is not necessary for the service member to sustain an injury, and relies on *West v. United States*, 729 F.2d 1120 (7th Cir.), *vacated*, 744 F.2d 1317 (7th Cir.1984) (en banc), *cert. denied*, 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985), to support this argument. In *West*, the Army negligently mistyped a serviceman's blood. Although he was not injured, several years later, he had twin daughters who were born with birth defects as a result of the mistyping. The Seventh Circuit vacated a panel opinion and affirmed the district court judgment dismissing the action under the *Feres* doctrine. *West v. United States*, 744 F.2d 1317 (7th Cir.1984) (en banc), *cert. denied*, 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985).

Applying this holding to the facts in the instant case, we note again that James' injury from the alleged negligent legal advice given to him was an independent, direct injury; it was not the result of an injury to a service member.[9] Because James' injury is not derivative of an injury to a service member, we find his cause of action for legal malpractice is not barred by the genesis test under *Feres*.[10]

Our conclusion is further buttressed by examining James' claim under the *Feres* factors. The rationale for barring a claim under *Feres* does not apply to his claim. First, James, as a civilian, has no distinctly federal relationship with the government which would make it undesirable to allow state law to affect the government's liability to him. Second, because of James' civilian status, he is not eligible for a military compensation scheme. Third, a suit brought by James will have little negative effect on military discipline.[11] A suit brought by a civilian alleging negligent legal advice would "not require the court to second-guess a decision of the military necessary to the accomplishment of a military mission." *Romero*, 954 F.2d at 226 (citing *Johnson*, 481 U.S. at 689, 107 S.Ct. at 2068). The interaction between James' father and the staff attorney necessarily would be examined. However, the investigation would not involve examining orders given to a serviceman, nor would it involve actions taken in a military mission. *Cf. id.* at 226 (stating a suit alleging military medical negligence to a civilian child would not impair military discipline).

## D. 28 U.S.C. § 2680

■ Finally, the government claims James' legal malpractice claim is precluded by 28 U.S.C. § 2680(h), which exempts from the FTCA "[a]ny claim arising out of ... misrepresentation...." However, 10 U.S.C. § 1054(e) expressly states the misrepresentation exception in § 2680(h) "shall not apply to a cause of action arising out of a negligent or wrongful act or omission in a provision of legal assistance." Section 1054(e) applies to claims accruing on or after November 14, 1986, regardless of when the negligence occurred. As dis-

However, *West* is inapposite. The negligent action in *West* was directed only at the serviceman, not at the daughters. The Army did not owe a duty of care to the daughters concerning typing the blood; the only duty was owed to the serviceman. Additionally, the injury to the infants in *West* was an indirect result of mistyping the blood. In the instant case, the Air Force did owe a duty to James to provide him with legal assistance, which it may have breached. *See* Dept. Air Force Regs. 110–22.2(a), 110.3. James' injury was a direct result of alleged negligent advice concerning his claim.

9. James' parents suffered no injury from the negligent legal advice given to James. In addition, they admit they did not receive negligent legal advice concerning their right to bring a claim, and therefore suffered no injury from the advice given to them.

10. Although James' cause of action for legal malpractice is not barred under *Feres*, we note this does not revive his medical malpractice claim. James admits his medical malpractice claim is barred by the statute of limitations, and we know of no precedent which would allow the claim to be revived. However, James' complaint and administrative claim can support a claim for legal malpractice as a separate basis for damages.

11. We note the Fifth and Sixth Circuits have decided cases involving injuries to infants born to service members, but with results different from the result we reach. *See Irvin v. United States*, 845 F.2d 126 (6th Cir.), *cert. denied*, 488 U.S. 975, 109 S.Ct. 513, 102 L.Ed.2d 548 (1988); *Scales v. United States*, 685 F.2d 970 (5th Cir. 1982), *cert. denied*, 460 U.S. 1082, 103 S.Ct. 1772, 76 L.Ed.2d 344 (1983). We believe these cases are distinguishable, and we follow the Fourth Circuit in stating that to the extent the reasoning in *Irvin* and *Scales* applies to the case before us, we disagree. *See Romero*, 954 F.2d at 226–27. *Scales* was decided before the Supreme Court reaffirmed in *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), that all three of the factors in *Feres* must be considered, and the *Scales* court relied in great part on the third factor, that of the effect on military discipline. *See Scales*, 685 F.2d at 973. *Irvin* was decided after *Johnson*. However, the *Irvin* court followed *Scales* and placed heavy reliance on the third factor. *See Irvin*, 845 F.2d at 131. The Fourth Circuit noted that the "argument concerning the impairment of military discipline is too attenuated when a civilian child brings suit against the government for prenatal injuries." *Romero*, 954 F.2d at 227. We agree, and believe that argument also is too attenuated when a child brings a suit which alleges negligent legal advice and flows from time-barred medical malpractice.

cussed above, James' legal malpractice claim accrued when he found out the facts and cause of his legal injury, in December 1987. *See Kubrick*, 444 U.S. at 117–25, 100 S.Ct. at 356–60. Therefore, the misrepresentation exception in § 2680(h) does not apply to James' cause of action for legal malpractice, and his claim is not precluded.

### III. CONCLUSION

In conclusion, we affirm the district court's finding that James' cause of action for legal malpractice was timely filed. However, we reverse to the extent the district court found this cause of action barred under *Feres* or under the genesis test, and find it is not precluded under 28 U.S.C. § 2680(h). We take no position on the merits of either the legal malpractice claim or the time-barred medical malpractice claim. We remand to the district court for proceedings on the merits consistent with this opinion.