## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Deney D. Morganthal

v.

Piper

February 7, 1996

Case No. CL94-2496

BY JUDGE THOMAS S. SHADRICK

This matter is scheduled for trial on February 14, 1996. At the pretrial conference on February 2, 1996, argument was heard on defendant's motion in limine, through which defendant seeks to prohibit the introduction of evidence concerning medical bills allegedly incurred in the treatment of the minor plaintiff. As a basis for the motion, defendant represents, and plaintiffs do not dispute, that the subject medical bills have been discharged by the bankruptcy of plaintiff mother.

The court notes that this action was originally filed in the name of the minor plaintiff, Deney D. Morganthal, "who sues by and through" his mother and next friend, Sandra A. Hansee. In the original motion for judgment, the minor plaintiff sought recovery for personal injuries, pain and suffering, and loss of income and earning capacity, while plaintiff mother sought recovery for the minor plaintiff's medical expenses and for loss of services. By order entered March 3, 1995, an amended motion for judgment was filed. The amended motion for judgment makes no mention of the plaintiff being a minor or suing through his mother and next friend. Instead, plaintiff Deney D. Morganthal alone seeks recovery for all of the above-listed damages. Throughout the file there are numerous documents indicating the minor plaintiff's date of birth to be October 11, 1977, which would mean that the minor plaintiff was not yet eighteen on March 3, 1995. There is nothing in the file to indicate that the minor plaintiff was legally emancipated as of March 3, 1995. Although these questions con-

cerning the procedural context of this case and the status of the two plaintiffs have not been raised by the parties, the court notes these inconsistencies as they impact on the issues raised by the motion in limine.

To the extent that Ms. Hansee remains a plaintiff in her individual capacity, if at all, this court rules that she may not present evidence of any medical bills which have been discharged in bankruptcy. The very purpose of compensatory damages is to compensate a party for damages actually sustained. Since these debts have been discharged, Ms. Hansee has sustained no "damage." "Payment of the expense of treatment is not essential to a recovery. If plaintiff *is liable* for the debt incurred, that is all that is necessary." *Sykes v. Brown*, 156 Va. 881, 887 (1931) (emphasis added). Since Ms. Hansee is *not* liable for the medical bills discharged in bankruptcy, she may not seek their recovery in this personal injury action, and therefore, evidence of them is inadmissible.

To the extent that the minor plaintiff seeks to introduce evidence of the medical bills allegedly incurred in the treatment of his injuries resulting from this accident, this court rules that evidence of these bills is inadmissible unless plaintiff can show that he fits within one of the four exceptions specified in *Moses v. Akers*, 203 Va. 130, 132 (1961). "An infant is not entitled to recover the expenses incurred in healing or attempting to be healed of his injuries in an action brought against a tortfeasor to recover damages for personal injuries unless (1) he has paid or agreed to pay the expenses; or (2) he alone is responsible by reason of his emancipation or the death or incompetency of his parents; or (3) the parent has waived the right of recovery in favor of the infant; or (4) recovery therefor is permitted by statute." *Moses* at 132; see also *Commonwealth v. Lee*, 239 Va. 114, 116-17 (1990). If the minor plaintiff can show that he is personally liable for these bills, then obviously he is entitled to seek recovery of them. And if he is in fact personally liable for these bills, then his mother's bankruptcy should have no bearing on this issue.