50

## CIRCUIT COURT OF FAIRFAX COUNTY

Craig E. Baumann
and Carol R. Baumann

v.

Allen Wayne Capozio

April 27, 2004

Case No. (Law) 215855

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court on April 16, 2004, upon the Defendant's Plea in Bar. After oral argument, the Court took the ruling under advisement. Upon review of the documents, briefs, and authorities, and for the reasons set forth below, the Plea in Bar is sustained.

### Facts

The plaintiffs, Craig E. Baumann and Carol R. Baumann, are the parents of Tyler C. Baumann. In July of 2001, Tyler C. Baumann (date of birth: March 31, 1984) was injured in an altercation with the defendant, Allen Wayne Capozio. On November 20, 2001, a suit was filed in the Fairfax County Circuit Court styled "Tyler C. Baumann, a minor, by his next friends, Craig E. Baumann, father, and Carol R. Baumann, mother, plaintiff v. Allen Wayne Capozio, defendant, At Law No. 200042." The Motion for Judgment in that suit asserted "the Plaintiff has incurred medical bills, past, present, and future. . . ." (There was an Amended Motion for Judgement filed; however, it contained the same allegation.)

Interrogatories were filed in the earlier case, including a request to itemize "each and every medical expense ... you are claiming in this lawsuit." The answer, signed under oath by Carol R. Baumann, was "See Exhibit A attached," which itemized medical expenses "to date" of $19,230.65 and

included the bills. Then, fifteen days prior to trial, the Plaintiff's Exhibit List was filed updating the bills to a total of $26,507.15. As of the date of the filing of the Exhibit List, Tyler C. Baumann was eighteen years of age.

On October 8, 2002, the court was notified that the case was settled, and an Order dismissing the case with prejudice was entered by the Honorable M. Langhorne Keith. This was followed by the execution of a "Full and Final Release of All Claims" by Tyler C. Baumann on October 25, 2002. The release provided that it applied "to all known injuries and damages, as well as those unknown and unanticipated, resulting from said incident, casualty, or event, including that certain lawsuit styled Tyler C. Baumann v. Allen Wayne Capozio, At Law No. 200042, in the Circuit Court of Fairfax County, Virginia."

On July 16, 2003, the case at bar was filed in the name of the parents alleging "the Plaintiffs have incurred medical bills necessary for the treatment of the injuries to their minor child ... as itemized in Exhibit A." With the exceptions that the bill for Advanced Plastic Surgery Center has been reduced by $4000.00 and there is a math error in the total, these bills are identical to those set forth in the Plaintiff's Exhibit List in the prior case by Tyler C. Baumann.

*Analysis*

The right of a parent to recover for medical expenses of a minor child incurred as the result of personal injury to said child is well established. By statute, the parent may include his or her claim in the minor's suit or file a separate action.

> Where there is pending any action by an infant plaintiff against a tortfeasor for a personal injury, any parent or guardian of such infant, who is entitled to recover from the same tortfeasor the expenses of curing or attempting to cure such infant from the result of such personal injury, may bring an action against such tortfeasor for such expenses, in the same court where such infant's case is pending, either in the action filed on behalf of the infant or in a separate action.

Code of Virginia, 1950, as amended, § 8.01-36.

The question before the court is not whether separate actions could be filed, but rather whether the parents here are "entitled to recover from the same tortfeasor the expenses of curing or attempting to cure" their son.

As a general rule, a minor child is not entitled to recover for medical expenses incurred by the parent for the treatment of the minor child's injuries. *Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864 (1961). There are four exceptions to this rule: (1) the child has paid or agreed to pay the expenses, (2) the child alone is responsible by reason of his emancipation or death or incompetency of the parents, (3) the parent has waived the right of recovery in favor of the child, or (4) recovery is permitted by statute. *Id.* at 132.

While there is an argument that the release signed by Tyler Baumann after reaching his majority may constitute an agreement between Tyler Baumann and the insurance carrier and/or Allen Wayne Capozio as to responsibility for medical expenses arising out of the incident, there is no express promise that Tyler Baumann personally would pay the medical expenses. In addition, the parents were not signatories to the document. The Court is not persuaded that either exception one or two applies under these facts.

The third exception, waiver, is the controlling issue. As noted by both sides, there is little Virginia authority defining what is necessary to establish a parental waiver in favor of the child for medical expenses incurred. The defendant offers numerous out-of-state cases to support his position, and the plaintiffs correctly note that each is distinguishable on its facts. The uniform principles asserted within the cases, however, are instructive.

The Court finds that a waiver may be express or implied. An implied waiver does not arise merely from the fact that a parent files a suit as "next friend." An implied waiver can and does arise where the parent permits the child to assert the claim for the medical expenses. A parent acting as next friend of the child is in full control of the contents of the pleadings and the prosecution of the suit. Where, as here, the parents as next friends state unequivocally in the Motion for Judgment, the Answers to Interrogatories, and List of Exhibits that the child "has incurred" and is entitled personally to recover the medical expenses, the parents have waived their claim to recover in favor of the child.

## Ruling

The Court rules that Craig E. Baumann and Carol R. Baumann waived their claim to recover medical expenses in favor of their minor son Tyler C. Baumann. That claim was a part of the prior lawsuit, At Law No. 200042, which was dismissed with prejudice as settled. The plaintiffs in the case at bar have no remaining claim for medical expenses to assert, and therefore the Plea in Bar is sustained and the case is dismissed with prejudice.