Present:    Hassell, C.J., Keenan, Koontz, Kinser, Lemons,
            Agee, JJ., and Compton, S.J.

CRAIG E. BAUMANN, ET AL.

                        OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
                                      April 22, 2005
v.  Record No. 041908

ALLEN WAYNE CAPOZIO

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Michael P. McWeeny, Judge

                                  I.

     In this appeal, we consider whether parents waived their

cause of action against an alleged tortfeasor for medical

expenses they incurred on behalf of their minor child.

                                  II.

     Craig E. Baumann and Carol R. Baumann are the parents of

Tyler C. Baumann.  Tyler, when he was 17 years of age, was

injured during a fight with defendant, Allen Wayne Capozio.

Craig Baumann and Carol Baumann, as next friends of Tyler,

filed an amended motion for judgment in the circuit court.

They alleged that Tyler incurred medical bills and other

damages proximately caused by Capozio's tortious acts.

     During that litigation, Capozio propounded

interrogatories to Craig and Carol Baumann requesting that

they itemize "each and every medical expense . . . [that Tyler

was] claiming in this lawsuit."  Carol R. Baumann signed a

sworn interrogatory answer as "Tyler C. Baumann, a minor by

his next friend, Carol R. Baumann," and she answered, "See Exhibit A attached . . . ." Exhibit A contained an itemized description of medical bills that Carol Baumann and Craig Baumann had incurred on behalf of Tyler that totaled $19,230.65. Copies of the medical bills were attached to the exhibit. Plaintiffs filed a supplemental exhibit list that included additional medical bills for a total of $26,507.15. The exhibit list was filed 15 days before the trial date, and Tyler was then 18 years old.

Tyler, after reaching the age of majority, settled his claims against Capozio before the trial date. The circuit court entered an order dismissing the case with prejudice.

On October 25, 2002, Tyler executed a "full and final release of all claims" for $75,000 with Allstate Insurance Company on behalf of Capozio. The release states in relevant part, "[i]t is agreed that this [r]elease shall apply to all known injuries and damages, as well as those unknown and unanticipated, resulting from said incident, casualty or event, including that certain lawsuit styled Tyler C. Baumann v. Allen Wayne Capozio, At Law No. 200042, in the Circuit Court of Fairfax County, Virginia." Neither Craig Baumann nor Carol Baumann was a party to the release.

Craig Baumann and Carol Baumann (plaintiffs) filed a motion for judgment against Capozio in the circuit court.

Plaintiffs sought to recover medical expenses in the amount of $22,287.15 plus interest and costs that they had incurred on behalf of their son for injuries he received as a result of Capozio's tortious conduct. Capozio filed a plea in bar and asserted that plaintiffs' claim for medical bills in this case had been settled, paid, and dismissed in the prior case and that the present action was "barred by legal doctrines of accord and satisfaction, waiver, release, novation, collateral estoppel, unclean hands, estoppel, assignment, emancipation and fraud."

The circuit court considered the pleadings in both lawsuits, the release, certain exhibits, and memoranda of law submitted by the litigants. The circuit court concluded that the plaintiffs had waived their claims to recover medical expenses in favor of their son. The circuit court sustained the plea in bar and entered a judgment that dismissed the plaintiffs' case with prejudice. Plaintiffs appeal.

### III.

Plaintiffs argue that the circuit court erred when it dismissed their motion for judgment because the evidence is insufficient to establish that they waived their right to recover medical expenses that they incurred on behalf of their son before he reached the age of majority. Capozio responds that plaintiffs waived their right to recover these medical

3

expenses when they served as next friends in the lawsuit that they filed against him when their son was a minor. We disagree with Capozio.

It is well-settled in this Commonwealth that:

"[I]n case of an injury to an unemancipated infant by wrongful act[,] two causes of action ordinarily arise. One cause of action is on behalf of the infant to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority. The other is on behalf of the parent for loss of services during minority and necessary expenses incurred for the infant's treatment."

Moses v. Akers, 203 Va. 130, 132, 122 S.E.2d 864, 865-66 (1961); accord Watson v. Daniel, 165 Va. 564, 573, 183 S.E. 183, 187 (1936). Additionally, an infant is not entitled to recover medical expenses from a tortfeasor unless: (i) the infant has paid or has agreed to pay the medical expenses; (ii) the infant is responsible for the medical expenses by reason of emancipation or the death or incompetency of the infant's parents; (iii) the parents have waived their right of recovery in favor of the infant; or (iv) the recovery of the medical expenses is permitted by statute. Commonwealth v. Lee, 239 Va. 114, 116-17, 387 S.E.2d 770, 771 (1990); Moses, 203 Va. at 132, 122 S.E.2d at 866. The only issue before us in this appeal is whether the plaintiffs in this action have impliedly waived their claim to recover medical expenses that they incurred on behalf of their minor child.

4

In accordance with our well-established precedent, the plaintiffs in this case were entitled to recover medical expenses that they incurred on behalf of their infant son for injuries caused by the tortfeasor's conduct unless the parents have waived their right of recovery in their son's favor. We have repeatedly stated that waiver "is the voluntary, intentional abandonment of a known legal right, advantage, or privilege." Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). Essential elements of the doctrine include both knowledge of the facts basic to the exercise of the right and the intent to relinquish that right. Id., Weidman v. Babcock, 241 Va. 40, 45, 400 S.E.2d 164, 167 (1991). Accord Virginia Tech. v. Interactive Return Service, 267 Va. 642, 651-52, 595 S.E.2d 1, 6 (2004); Chawla v. BurgerBusters, Inc., 255 Va. 616, 622-23, 499 S.E.2d 829, 833 (1998); Stuarts Draft Shopping Ctr. v. S-D Assoc., 251 Va. 483, 489-90, 468 S.E.2d 885, 889-90 (1996).

We have discussed the standard of proof that must be satisfied to establish that an implied waiver has occurred. We have stated in several cases that "[w]aiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice." Chawla, 255 Va. at 623, 499 S.E.2d at 833; Weidman, 241 Va. at 45, 400 S.E.2d at 167; Fox, 234 Va.

5

at 426, 362 S.E.2d at 707; Coleman v. Nationwide Life Ins. Co., 211 Va. 579, 583, 179 S.E.2d 466, 469 (1971); Roenke v. Virginia Farm Bureau Ins. Co., 209 Va. 128, 135, 161 S.E.2d 704, 709 (1968); May v. Martin, 205 Va. 397, 404, 137 S.E.2d 860, 865 (1964); Creteau v. Phoenix Assurance Co., 202 Va. 641, 644, 119 S.E.2d 336, 339 (1961).

However, we have also stated, in another series of cases, that "[t]he party relying on a waiver has the burden to prove the essentials of such waiver . . . by clear, precise and unequivocal evidence." Interactive Return Service, 267 Va. at 652, 595 S.E.2d at 6; Stuarts Draft Shopping Ctr., 251 Va. at 490, 468 S.E.2d at 890; Utica Mutual v. National Indemnity, 210 Va. 769, 773, 173 S.E.2d 855, 858 (1970).

We recognize that this Court has used different legal phrases to describe the burden of proof necessary to establish an implied waiver – "the party relying on a waiver has the burden to prove the essentials of the waiver by clear, precise and unequivocal evidence" and "waiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right." Moreover, we stated in a case involving an express waiver that "[a] waiver must be express, or, if it is to be implied, it must be established by clear and convincing evidence." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 667, 679 (2002). In order to promote clarity and

6

uniformity in our jurisprudence, in this case, and in future cases, we will require that a litigant relying on an implied waiver prove the elements of such waiver by clear and convincing evidence.

Capozio failed to satisfy this standard of proof. Even though Tyler Baumann's mother signed an interrogatory in her capacity as next friend that identified medical bills as damages that Tyler's parents had incurred while he was an infant, the parents lost control of that litigation when their son reached the age of majority and signed a release that resulted in the settlement of that lawsuit. Plaintiffs in this appeal were not parties to the release, and they had not filed a lawsuit in their own name to recover damages that they had incurred. We hold that Capozio failed to prove by clear and convincing evidence that the plaintiffs impliedly waived their right to recover any medical expenses that they incurred for the treatment of their son proximately caused by Capozio's alleged tortious conduct.

IV.

Accordingly, we will reverse the judgment of the circuit court and remand this case for a trial on the merits. Capozio asserted during oral argument that he had raised other defenses in his plea in bar in the circuit court and that the court failed to consider those defenses. He may not assert

7

those defenses in this appeal because he failed to assign cross-error to the circuit court's failure to rule upon those defenses.  Rule 5:18(b); Loving v. Hayden, 245 Va. 441, 445, 429 S.E.2d 8, 11 (1993).  On remand, however, Capozio may reassert those defenses.  See Nassif v. Board of Supervisors, 231 Va. 472, 480-81, 345 S.E.2d 520, 525 (1986).

Reversed and remanded.