## CIRCUIT COURT OF THE CITY OF RICHMOND

Jerome Mason, an infant,
by Josephine Mason,
his mother and next friend

v.

Robin Kathleen Blue

January 30, 1991

Case No. LR-168-2

### By JUDGE RANDALL G. JOHNSON

This case is before the court on plaintiff's petition under Va. Code § 8.01-66.9 to reduce the liens of the Medical College of Virginia and Medicaid in connection with the settlement of plaintiff's personal injury claim. The underlying action was the subject of a jury trial on December 6, 1990. At the end of plaintiff's case-in-chief, defendant moved to strike plaintiff's evidence. The court took that motion under advisement but told counsel the case would be given to the jury for a verdict. Before any further proceedings occurred, the parties reached a settlement, the jury was dismissed, and the case was continued generally.

The settlement is for $11,000.00. MCV's bill is $5,322.90, and Medicaid is owed $760.11. Plaintiff's attorney has set his fee at $3,666.67, one-third of the total settlement, and there are other costs and expenses of $820.11, which include filing fees, court reporters' fees, expert witness fees, and so on. When all of the fees, costs, and expenses are totalled, they come to $10,569.79, leaving plaintiff just $430.21 if the court fails to intervene. It is plaintiff's position that he should receive more.

Section 8.01-66.9 of the Virginia Code grants a lien to the Commonwealth of Virginia and certain of its departments and institutions for services performed in connection with the treatment of a person who sustains personal injuries. That section also provides:

> The court in which a suit by an injured person or his personal representative has been filed against the person, firm or corporation alleged to have caused such injuries or in which such suit may properly be filed, may, upon motion or petition by the injured person, his personal representative or his attorney, and after written notice is given to all those holding liens attaching to the recovery, reduce the amount of the liens and apportion the recovery, whether by verdict or negotiated settlement, between the plaintiff, the plaintiff's attorney, and the Commonwealth or such department or institution as the equities of the case may appear, provided that the injured person, his personal representative or attorney has made a good faith effort to negotiate a compromise pursuant to § 2.1-127. The court shall set forth the basis for any such reduction in a written order.

The above-quoted statute clearly gives this court that power to grant the relief which plaintiff seeks. As can be seen, however, the only guidance which has been given to assist the court in determining what factors it should consider in deciding how, or even whether, such relief is warranted is the general doctrine of the "equities of the case." Applying that doctrine here, the court believes that some adjustment of the liens is appropriate.

In making its decision, the court has the advantage of having heard plaintiff's evidence at trial. As already noted, defendant's motion to strike was taken under advisement. While the court cannot say how the jury would have decided the issues, and while the court declines to say how it would have ruled on the motion to strike, it is safe to say that plaintiff's case was far from a "sure thing." It is true that plaintiff's medical bills were substantial. It is equally true that MCV and Medicaid

are entitled to be paid and/or reimbursed for services rendered. What must also be remembered, however, is that without the settlement reached at the conclusion of plaintiff's evidence, there is a distinct possibility that MCV and Medicaid would have recovered nothing at all out of plaintiff's lawsuit. It is the court's opinion, then, that it is equitable to reduce their liens to something less than the full amounts of their bills.[1]

Another reason for reducing the liens in this case is the financial condition of the plaintiff. At the hearing on plaintiff's present petition, he testified that he was recently released from prison, is unemployed, and has no assets or source of income. Equity demands that he receive something more than $430.21.

While the court believes that some reduction in the Commonwealth's liens is appropriate, only a small reduction will be made. This is true because the interests and rights of the Commonwealth must also be protected. Unless and until the plaintiff obtains other assets which he can use to pay the Commonwealth the amounts not paid out of the settlement, it is the taxpayers of the Commonwealth who must "foot the bill." Considering the fact that services were unquestionably rendered by the Commonwealth, the fact that no one has questioned the reasonableness of the fees charged for those services, the fact that plaintiff's own evidence, in the opinion of the court, raised a substantial question about his own liability for his injuries, and the fact that there is a pool of money out of which the entire amount owed to the Commonwealth could, if the court takes no action here, be paid, the court refuses to give plaintiff a windfall at the expense of the Commonwealth.

Finally, the Commonwealth suggests that since it is being requested to give up a part of its liens and since the statute gives the court authority to reduce the amount of "the liens," plaintiff's attorney's lien should also be reduced. The court agrees that in an appro-

---

[1] Any court-ordered reduction of the Commonwealth's liens does not affect the underlying debt of the plaintiff. It does, however, prohibit collection of such debt out of the settlement of this lawsuit. See University of Virginia v. Harris, 239 Va. 119, 387 S.E.2d 772 (1990).

priate case, such action may be warranted. Here, however, plaintiff's attorney stated that he had spent approximately 50 hours on this case, a number which the court, considering the nature of the case and the proceedings at trial, considers entirely reasonable. Even at an hourly rate of $100.00 per hour, which the court feels is substantially below what plaintiff's lawyer can command, plaintiff would be entitled to an hourly-based fee of $5,000.00. Since the attorney's fee in this case is contingent, however, plaintiff's lawyer has already accepted a considerable reduction in his fee by recommending an $11,000.00 settlement to his client. Accordingly, the court does not believe that a further reduction in the amount which the attorney can immediately recover is appropriate.[2]

Considering all of the factors stated above, the court concludes that it is appropriate to reduce each of the Commonwealth's liens by 20 percent. Thus, MCV's lien is reduced from $5,322.90 to $4,258.32. Medicaid's lien is reduced from $760.11 to $608.09.

---

[2] It should also be noted that unlike the Commonwealth, which has established procedures for collecting its debts from persons such as plaintiff through tax refunds and lottery winnings, no such means are available to plaintiff's lawyer. If he does not get his fee now, chances are he will never get it.