## CIRCUIT COURT OF THE CITY OF RICHMOND

Selina W. Nichols,
Adm'x of the Estate of
Adrian Dale Hotz

v.

Thomas William Gregory

July 16, 1993

Case No. LW-1620-4

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on plaintiff's petition for the approval of a wrongful death settlement pursuant to Va. Code § 8.01–55. In addition, plaintiff asks the court, pursuant to § 8.01–66.9 of the Code, to reduce the amount of certain liens which will attach to the proceeds of the settlement.

Plaintiff's decedent died from injuries received when the car defendant was driving, and in which plaintiff's decedent was a passenger, left the road and struck a tree. Defendant has offered, and plaintiff has agreed to accept, the limits of decedent's insurance policy, as well as the limits of the owner's policy, a total of $50,000, in full settlement of plaintiff's claim. Plaintiff has also recovered $3,000 in medical payments coverage. Plaintiff's counsel has determined, and the court accepts as true, that defendant is otherwise "judgment-proof," so that a jury verdict in excess of $50,000 would not result in a larger actual recovery by plaintiff, but would only mean increased costs and expenses, which would result in plaintiff's receiving an even lower net recovery. Accordingly, the court will approve the settlement.

Plaintiff's second request is a little more involved. Between the time of the accident and plaintiff's decedent's death, decedent was treated at the Medical College of Virginia. He received a bill from MCV for $95,049.98, and from MCV Associated Physicians of $8,966. In addi-

tion, the funeral bill is $3,842.78, and plaintiff's attorney has a one-third contingency fee agreement with plaintiff. Obviously, the settlement amount falls far short of satisfying all of these debts. It is for this reason that plaintiff seeks to reduce the Commonwealth's lien.

Va. Code § 8.01–66.9 provides, in pertinent part:

> The court in which a suit by an injured person or his personal representative has been filed against the person, firm or corporation alleged to have caused such injuries or in which such suit may properly be filed, may, upon motion or petition by the injured person, his personal representative or his attorney, and after written notice is given to all those holding liens attaching to the recovery, reduce the amount of the liens and apportion the recovery, whether by verdict or negotiated settlement, between the plaintiff, the plaintiff's attorney, and the Commonwealth or such Department or institution as the equities of the case may appear, provided that the injured person, his personal representative or attorney has made a good faith effort to negotiate a compromise pursuant to § 2.1–127. The court shall set forth the basis for any such reduction in a written order.

Plaintiff asks the court to reduce the Commonwealth's lien and to make the following distribution:

| | |
|---|---|
| MCV Hospital | $19,737.41 |
| MCV Associated Physicians | – 0 – |
| Robert J. Kloeti — attorney's fees | 12,500.00 |
| Robert J. Kloeti — expenses | 182.41 |
| Estate — funeral bill | 3,842.78 |
| Frank D. Hotz — father | 3,347.48 |
| Evelyn Louise Hotz — mother | 3,347.48 |
| David Blane Hotz — brother | 3,347.48 |
| Selina Wynn Nichols — sister | 3,347.48 |
| Kathy Bennett — sister | 3,347.48 |
| | $53,000.00[1] |

Plaintiff argues that the above reductions and distribution are fair and just under the circumstances of this case. Such distribution reduces

---

[1] The total includes $3,000 in medical payments coverage.

plaintiff's counsel's fee to 25% instead of the 33 1/3 agreed upon. The distribution also provides for no payment at all to MCV Associated Physicians since Associated Physicians' lien is inferior to the liens of the attorney and MCV. Va. Code § 8.01–66.9.

The Commonwealth, conceding that its lien is inferior to the attorney's, argues that more of its bill should nevertheless be paid, even if that means that the beneficiaries will receive less or nothing at all. To do otherwise, the Commonwealth points out, will place an added burden on the taxpayers who will end up paying for the bulk of the medical services rendered to the decedent. It is the Commonwealth's position that as between the taxpayers and decedent's family, the family should bear more of the burden.

Both the plaintiff and the Commonwealth make sound and valid arguments. On the one hand, taxpayers should not be required to pay for medical services which could have been covered by some type of insurance had the decedent, or his family, or the defendant, or the car's owner had the foresight and financial ability to purchase more insurance. On the other hand, an innocent decedent's beneficiaries should not be deprived of the only form of compensation which the law has devised for the loss of a loved one simply because the injuries were so severe that the cost of medical treatment exceeds the amount of available insurance. Obviously, however, these truths exist only in a perfect world. In the real world, the court must balance the interests of the Commonwealth, including its taxpayers, against the interests of the victims of other people's negligence, and § 8.01–66.9 is the means by which such balancing is done.

Having considered all of the relevant facts, the court concludes that the lien reductions and distribution proposed by plaintiff are appropriate. First, unless the case is settled, there will be less money for everybody, since a trial will necessitate additional costs and expenses. Second, while the Commonwealth's taxpayers will be burdened by allowing payments to the beneficiaries, such burden is slight compared to the loss suffered by the beneficiaries. Third, by reducing the amount of attorney's fees claimed, the actual extra burden imposed upon the Commonwealth is only $12,570.40; i.e., plaintiff's attorney will receive a fee of $12,500 instead of the $16,667 agreed upon, a difference of $4,167. Subtracting that difference from the total amount to be paid to the beneficiaries — $16,737.40 — a net difference of $12,570.40 results. This is the extra burden on the taxpayers.

Finally, § 8.01–66.9, by its very enactment, envisions some burden on the taxpayers. Such a burden exists whenever a lien of the Commonwealth is reduced. If the General Assembly did not intend to create such a burden in cases such as this, the statute would not have been passed. Having considered all of the above factors, the lien reductions and distribution proposed by the plaintiff will be ordered.