## CIRCUIT COURT OF THE CITY OF RICHMOND

Antoinette J. Barreca

 v.

Thomas Tillery et al.

### Case No. LW-202

Marie T. Barreca

 v.

Thomas Tillery et al.

### Case No. LW-1629

BY JUDGE RANDALL G. JOHNSON

### May 3, 1994

On August 19, 1988, Antoinette J. Barreca, who was then fifteen years old, was severely and permanently injured when she dove into the shallow end of a residential swimming pool. She sued the pool's owner, the owner's stepson, who was her host at the time of her injury, the pool's manufacturer, its installer, and a host of other manufacturers, suppliers, and/or installers of various components of the pool.

Ms. Barreca's claim against her host was released by a covenant not to sue, although no money or other consideration was paid. The claim against the pool's owner was tried to a jury, which returned a verdict in favor of the owner. The claims against all but three of the manufacturers, suppliers, and/or installers were nonsuited. The claims which were not nonsuited were settled for a total of $93,000, and that amount is subject to a medicaid lien of the Commonwealth of Virginia.

Plaintiff, through her counsel, asks the court to reduce the lien claimed by the Commonwealth to zero pursuant to Va. Code § 8.01-66.9. Plaintiff's counsel further propose that plaintiff be paid $25,000, and that her counsel be paid the remaining $68,000 as their attorneys' fees and reimbursement

of expenses. The Commonwealth, while conceding that a reduction in the amount of its lien is appropriate, argues that the $93,000 should be paid one-third to the plaintiff, one-third to her attorneys, and one-third to the Commonwealth.

As a result of her accident, plaintiff is a quadriplegic and will remain so for the rest of her life. Her medical bills already exceed $160,000. The Commonwealth's lien is nearly $150,000. Her attorneys were hired on a 40% contingency fee contract, which would result in a fee of $37,200. The attorneys also claim out-of-pocket expenses of over $45,000. Needless to say, everyone cannot be paid the full amounts due.

Plaintiff's claim against the pool's owner was tried in this court. This court also heard numerous pretrial matters involving the other defendants. Plaintiff's claims against all of the defendants were, at best, tenuous. It is much to her lawyers' credit that any settlement was achieved at all. Plaintiff's lawyers have agreed to reduce their fee to $22,656.39, which is less than 25% of the settlement amount. In light of the results achieved, especially considering the extreme difficulty of achieving anything, such a fee is unquestionably fair and reasonable. In fact, the court believes that a more reasonable fee is 25% of the settlement amount, or $23,250, and the court will establish counsel's attorneys' fee lien at that amount.

On the other hand, the court has serious problems with plaintiff's counsel's statement of expenses. Some of those expenses, copying costs, postage, and transportation, seem to this court to be matters of normal office overhead, and not proper items for reimbursement. While the court is aware that plaintiff's contract with the lawyers specifically calls for reimbursement of those items, when this court is asked to reduce the liens of others, it can appropriately look at the amounts claimed by plaintiff's counsel, whether or not they are matters of contract.

Having reviewed counsel's claim for reimbursement, the following items will be removed from counsel's lien:

| | |
|---|---:|
| Copies | $ 3,153.68 |
| Postage | 595.19 |
| Miscellaneous including faxes | 888.76 |
| Expenses of Ronald Gilbert, Esq., for travel, postage, telephone, etc. | 10,140.97 |
| | $14,778.60 |

The above charges are not, in my opinion, the proper subject of counsel's lien. Mr. Gilbert, one of plaintiff's lawyers, is from Detroit, Michi-

gan, and the vast majority of his expenses are simply for his travel to and from Richmond. A lien will not be allowed for those charges.

Finally, the court must decide whether any lien at all should be allowed to the Commonwealth. While no available amount will give the Commonwealth any significant portion of its entitlement, the court will allow a lien of $10,000. Even though this case presented a situation in which a very real possibility existed for the Commonwealth to receive nothing, I feel that where a recovery is achieved, the Commonwealth should receive some part of it, even if it is only a very small part. That will be the case here.

In summary, the court will set the parties' liens as follows:

Plaintiff's counsel

| | |
|---|---|
| Fees | $23,250.00 |
| Expenses | 30,565.01 |
| Commonwealth of Virginia | 10,000.00 |
| Total | $63,815.01 |

This leaves a net recovery for plaintiff of $29,184.99.

### May 12, 1994

I am not inclined to reconsider my previous order.

First, I reject the suggestion that this court is somehow bound by the agreement between plaintiff and her counsel. Once plaintiff invokes Va. Code § 8.01-66.9, it is up to the court, not the parties, to set the amount of the liens.

Second, I disagree with Mr. Cuthbert's conclusion that § 8.01-66.9 does not authorize the court to reduce counsel's lien. That section states in part:

> [A]fter written notice is given to *all those holding liens* attaching to the recovery, [the court may] reduce the amount of *the liens* and apportion the recovery, whether by verdict or negotiated settlement, between the plaintiff, *the plaintiff's attorney*, and the Commonwealth . . . as the equities of the case may appear . . . .

Emphasis added.

Indeed, counsel's argument in this regard is directly refuted by *University of Virginia v. Harris*, 239 Va. 119, 387 S.E.2d 772 (1990), where the Court, in discussing § 8.01-66.9, stated:

> The General Assembly, therefore, not only intended that the court would have authority to reduce the lien asserted by the

Commonwealth or one of its institutions, *but also intended that the court would have the power to determine what portion of the recovery each of the contending parties would ultimately receive, and to divide and distribute the recovery accordingly.*

239 Va. at 125 (emphasis added).

Finally, neither my decision nor § 8.01-66.9 raises any constitutional question. The decision will stand.