## CIRCUIT COURT OF THE CITY OF RICHMOND

Keshon R. Ford

v.

Anwan Jones

February 7, 2001

Case No. LF2904-4

BY JUDGE RANDALL G. JOHNSON

This is a petition under Va. Code § 8.01-66.9 for a reduction of a lien held by the Medical College of Virginia Hospitals (MCV), an instrumentality of the Commonwealth. A hearing was held on February 6.

Plaintiff was injured in an automobile accident on March 26, 1999. According to the petition, he sustained a Grade II closed head injury with subarachnoid hemorrhage and hemorrhaging in the left temporal and inteamedullary cistern of his brain. He received multiple facial lacerations which have resulted in Keloid scarring on the right side of his face. He also lost teeth and had other injuries. While in the hospital, he was diagnosed as having a severe sickle cell anemia attack secondary to the motor vehicle accident trauma. He also developed pneumonia due to a decrease in neurologic function caused by the head injury. He required eleven blood transfusions. He was hospitalized from March 26 until April 28, 1999. Prior to his discharge, he received occupational, speech, and cognitive therapy. He was restricted in his activities. He has continuing problems related to his head injury, including long-term memory loss, decreased mental activity, depression, and speech difficulty. The following are his medical bills:

| | |
|---|---|
| MCV | $ 80,046.80[1] |
| Sheltering Arms Hospital | 3,921.75 |

---

[1] This figure is taken from the petition. MCV claims a lien of $80,919.12. The court does not know the reason for the discrepancy.

| | |
|---|---|
| MCV Associated Physicians[2] | 6,846.00 |
| Green Medical Center | 488.00 |
| Ronald Cade, D.D.S. | 130.00 |
| Virginia Ambulance Authority | 426.00 |
| | |
| Total | $ 91,858.55 |

Plaintiff has settled his claim for $24,000. While that amount is obviously far short of what it would take to fully compensate plaintiff for the injuries he received, it is just $1,000 less than the total coverage available to him. Plaintiff was asleep at the time of the accident and has no direct evidence of defendant's negligence. In fact, defendant denies that he was even driving the car. Defendant is a convicted felon and had felony charges pending against him at the time of the settlement, owns no real estate, automobile, or anything else of value and does not work. It is extremely doubtful that a judgment in excess of the insurance coverage could be collected. A $24,000 settlement is reasonable.

Plaintiff and his lawyer have a one-third contingency fee arrangement, and his lawyer has incurred expenses on plaintiff's behalf of $666.15. It is plaintiff's request that the court reduce MCV's lien from $80,046.80 or $80,919.12, see n. 1, to $2,500, that counsel be paid his one-third contingent fee and expenses, that the other health care providers be assigned their statutory liens, and that the balance of the settlement, approximately $9,665, be paid to plaintiff.[3] MCV agrees that a reduction in its lien is appropriate, but suggests an equal three-way split between MCV, plaintiff, and plaintiff's lawyer. In making this suggestion, MCV asks that the liens of the other health care providers be reduced to $0, it being MCV's position that such reductions are authorized by § 8.01-66.9 and are appropriate here.

In *Ross v. Greene*, 45 Va. Cir. 267 (1998), this court relied on *Commonwealth v. Smith*, 239 Va. 108, 111-12, 387 S.E.2d 767 (1990), and the language of the statute, to hold that § 8.01-66.9 does not authorize a court to reduce the liens of healthcare providers other than the Commonwealth. The court adheres to that ruling. Under Va. Code § 8.01-66, the maximum lien of hospitals and physicians is $2,000 and $500, respectively. Virginia Code § 43-

---

[2] MCV Associated Physicians is not a part of MCV. It is not a government agency.

[3] In Exhibit 4 to the petition, the proposed distribution shown for plaintiff is $10,165.88. That figure, however, does not take into consideration the lien of MCV Associated Physicians, which by statute is set at $500.

63.1 sets the maximum lien for ambulance service at $50. Thus, the following liens must be paid out of plaintiff's settlement:

| | |
|---|---|
| Sheltering Arms Hospital | $ 2,000.00 |
| MCV Associated Physicians | 500.00 |
| Green Medical Center | 488.88 |
| Ronald Cade, D.D.S. | 130.00 |
| Virginia Ambulance Authority | 50.00 |
| Total | $ 3,168.88 |

Of the remaining $20,831.12, the court will award $4,000 to MCV, $7,000 to plaintiff's lawyer, representing his fee and expenses, and $9,831.12 to plaintiff. The court makes this award based on the fact that plaintiff was seriously and permanently injured and should receive more than a *de minimis* portion of the settlement; plaintiff's lawyer performed considerable work in achieving a settlement and is entitled to be paid for his services, although full payment under the circumstances cannot reasonably be ordered; and while MCV, standing in the shoes of Virginia's taxpayers, is entitled to some payment on its bill, it would likely receive no payment at all were it not for the effort of plaintiff and his lawyer in achieving this settlement. Under all of these circumstances, the above award is proper.