Present:  All the Justices

COMMONWEALTH OF VIRGINIA, DEPARTMENT
 OF MEDICAL ASSISTANCE SERVICES

                                        OPINION BY
v.  Record No. 001881          JUSTICE LAWRENCE L. KOONTZ, JR.
                                       June 8, 2001
VIRGINIA HUYNH, AN INFANT, BY HER
MOTHER AND NEXT FRIEND, TIEN HA, ET AL.


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge

     The dispositive issue in this appeal is whether the

authority granted by Code § 8.01-66.9 to a trial court to reduce

a lien in favor of the Commonwealth for medical services

rendered to an infant injured by the alleged negligence of her

physician permits the trial court to exclude the Commonwealth

from receiving any portion of the infant's settlement with the

physician.

                            BACKGROUND

     The material facts are not disputed.  Virginia Huynh, an

infant, suffered permanent, devastating brain damage during her

birth.  In a subsequent medical malpractice suit brought in

Huynh's name by her mother as next friend, the physician

attending Huynh's birth, without admitting liability, agreed to

pay $595,000 to settle the suit.

     The Commonwealth, through the Department of Medical

Assistance Services, had paid for medical care received by Huynh

related to her birth injuries because she was a Medicaid

recipient. The Commonwealth asserted a lien against the proceeds of the settlement under Code § 8.01-66.9. The amount of the payments secured by the statutory lien was $144,957.22.

Pursuant to a further provision of Code § 8.01-66.9, Huynh filed a motion to reduce the Commonwealth's lien and to apportion the recovery from her physician between herself, her attorneys, and the Commonwealth. Huynh asserted that, pursuant to Code § 2.1-127, her attorneys had sought "without success" to negotiate a compromise of the amount of the lien with the office of the Attorney General. According to the motion, Huynh expressly sought a "waiver" of the Commonwealth's lien.

The Commonwealth responded to the motion to reduce its lien by contending that Huynh's attorneys had not made a good faith effort to negotiate a compromise. The Commonwealth further contended that it was willing to consider a compromise of the amount of its lien if Huynh's attorneys would accept a proportional decrease in their 40% contingency fee.

Following a hearing, the trial court entered an order approving the amount and terms of the infant settlement pursuant to Code § 8.01-424.[1] The order further provided that the trial court would reduce the Commonwealth's lien on the ground that "the equities of this tragic case, the limited funds available

---

[1] The trial court's approval of the amount and terms of the settlement is not an issue in this appeal.

2

to compensate Virginia Huynh, and the permanent injuries of Virginia Huynh, require such action." The order then provided for the disbursal of the entire recovery of $595,000 by first reducing the amount of the Commonwealth's lien to "zero," and awarding $238,000 to Huynh's attorneys (representing their full 40% contingency fee), $13,779.30 to these attorneys for litigation expenses incurred on Huynh's behalf, and the balance of $343,220.70 to Huynh. Huynh's portion of the recovery was divided into two funds; one to purchase an annuity for the sole benefit of the child, and the other to fund a "Special Needs" trust established under the applicable law for the benefit of disabled persons under certain provisions of the Social Security Act. Although apportioning no part of the recovery to the Commonwealth, the order expressly stated that the Commonwealth's claim for medical care provided to Huynh "shall not be extinguished by the elimination of the lien." We awarded the Commonwealth this appeal.

## DISCUSSION

When the Commonwealth pays for, or provides, medical services to an indigent person necessitated by a tortious injury, Code § 8.01-66.9 creates a lien in favor of the Commonwealth for the amount of those services on any recovery from the tortfeasor by the injured party. Pursuant to Code

3

§ 2.1-127, the Attorney General may compromise the amount of the Commonwealth's claim.

We have previously recognized that, subject to certain procedures and limitations, "Code § 2.1-127 has, for many years, given authority to the Attorney General . . . to compromise, settle, and 'discharge' disputes and claims involving the interests of the Commonwealth and its institutions." Rector and Visitors of University of Virginia v. Harris, 239 Va. 119, 123, 387 S.E.2d 772, 775 (1990). Thus, under the authority of Code § 2.1-127, the Attorney General may reduce or eliminate a claim of the Commonwealth, and the amount of the Commonwealth's lien created by Code § 8.01-66.9 would be reduced or eliminated correspondingly.

Code § 8.01-66.9 also provides that "[t]he Commonwealth's . . . lien shall be inferior to any lien for payment of reasonable attorney's fees and costs, but shall be superior to all other liens created by the provisions of this chapter and otherwise. Expenses for reasonable legal fees and costs shall be deducted from the total amount recovered." Pertinent to this appeal, the statute further provides that when the Commonwealth asserts a lien against the recovery in a personal injury suit, the trial court "may . . . reduce the amount of the lien[] and apportion the recovery, whether by verdict or negotiated

4

settlement, between the plaintiff, the plaintiff's attorney, and the Commonwealth . . . as the equities of the case may appear."

In Commonwealth v. Smith, 239 Va. 108, 387 S.E.2d 767 (1990), decided the same day as Harris, we held that the effect of Code § 8.01-66.9 "was to vest in the trial judge, in the circumstances specified by the statute, the authority, otherwise vested in the Attorney General . . . by Code § 2.1-127, to compromise and reduce the Commonwealth's lien . . . [in order] to reduce expense and delay, to avoid litigation, and to promote settlements." Smith, 239 Va. at 112, 387 S.E.2d at 769. While recognizing the similarity between the authority granted to the Attorney General and that given to the trial judge, in Harris we held that the trial judge's authority was limited to " 'reduc[ing] the amount of the lien.' " 239 Va. at 125, 387 S.E.2d at 775. This is so because the General Assembly "did not take the further step of authorizing the judge to 'discharge' the Commonwealth's claim, although [Code] § 2.1-127 vested that authority in the Attorney General, subject to the appropriate approvals." Harris, 239 Va. at 124, 387 S.E.2d at 775.

In the present case, the trial court properly recognized that it lacked the authority under Code § 8.01-66.9 to reduce or eliminate the amount of the Commonwealth's claim which was secured by the lien created by the statute. The issue raised by the Commonwealth in this appeal is whether the trial court

5

nonetheless had the authority to "apportion" to the Commonwealth no part of the recovery against which the Commonwealth had asserted its lien.[2]

"The legislative purpose of Code § 8.01-66.9 [is] to secure to the public treasury such recompense as [may] be found, where public funds [have] been expended for the treatment of tortious injuries." Commonwealth v. Lee, 239 Va. 114, 118, 387 S.E.2d 770, 772 (1990). However, no language in this statute suggests that the Commonwealth be permitted to enforce its lien in its entirety if in a particular case this would result in the injured party being denied a just recovery for her injuries or her attorneys failing to receive reasonable compensation for the services they rendered to obtain that recovery. Rather, the statute expressly directs the trial court to "apportion the recovery, . . . as the equities of the case may appear."

In this context, Code § 8.01-66.9 necessarily involves a case-by-case analysis to ensure that the Commonwealth is

_____

[2] During oral argument of this appeal, the Commonwealth asserted, as it had in the trial court, that Huynh had not "made a good faith effort to negotiate a compromise pursuant to [Code] § 2.1-127" as required by Code § 8.01-66.9 and, thus, was not entitled to petition the trial court for a reduction of the Commonwealth's lien. However, the Commonwealth did not assign error to the trial court's failure to deny Huynh's motion to reduce the lien on this ground. Accordingly, we will not consider this issue. Rule 5:17(c); City of Winchester v. American Woodmark Corp., 250 Va. 451, 460, 464 S.E.2d 148, 153-54 (1995) (this Court does not consider arguments that are not the subjects of assignments of error).

permitted to assert its lien subject to a just recovery for the injured party and reasonable compensation for her counsel. The statute, however, provides little guidance for determining whether, or by how much, to reduce the Commonwealth's lien if the recovery is inadequate to meet the just claims of all three parties. The only guidance which has been given to assist the trial court, and this Court on appeal, in determining what factors should be considered in deciding how, or even whether, such relief is warranted, is the general doctrine of "the equities of the case." Accordingly, the ultimate decision is a matter of sound judicial discretion.

In the absence of express direction from the legislature, it becomes the province and duty of this Court to provide guidelines which will assist the trial court in exercising its discretion to apportion a recovery between the injured party, the injured party's attorneys, and the Commonwealth. In doing so, we look to the plain meaning of the language used by the legislature. See Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).

As we stated in Harris, " 'Apportion' is defined: 'To divide and assign in just proportion . . . to allot.' " 239 Va. at 125, 387 S.E.2d at 776 (quoting Webster's New International Dictionary 132 (2nd ed. 1934)). Thus, we held that, by this choice of a precise word, it was apparent "[t]he General

7

Assembly, . . . intended that the court would have the power to determine what portion of the recovery each of the contending parties would ultimately receive, and to divide and distribute the recovery accordingly." Harris, 239 Va. at 125, 387 S.E.2d at 776.

Although we did not address the issue in Harris, or in Smith or Lee, it is equally apparent that in order to divide and assign a just portion of the recovery between three parties with claims to shares of the recovery, the General Assembly could not have intended for the trial court to wholly disregard the claim of the Commonwealth in order to benefit the injured party or her attorneys. Accordingly, we hold that a trial court must assign or allot some portion of the recovery to the Commonwealth.

We recognize, as was asserted by Huynh's counsel during oral argument of this appeal, that part of the philosophy underpinning the policy of making legal services accessible by permitting attorneys to take cases on contingency is that a fee collected in an individual case, while appearing excessive in the abstract, actually represents, in part, compensation for the risk taken by counsel in undertaking contingent representation where no recovery may be ultimately obtained. Certainly, in weighing "the equities of the case," this is one factor the trial court may consider in determining what compensation is reasonable for the services rendered to the plaintiff by her

8

attorneys. Nonetheless, in undertaking a representation of a tort plaintiff whose recovery would be subject to a statutory lien under Code § 8.01-66.9, an attorney is presumed to be aware that her fee may be subject to apportionment under the terms of that statute.

Although the Commonwealth's lien is statutorily "inferior" to any lien for the payment of "reasonable" attorney's fees, we further hold that such fees are not immune from apportionment under Code § 8.01-66.9. Rather, in apportioning the recovery, the trial court is required to determine the reasonable attorney's fees after considering the circumstances of the particular case, including, but not limited to, the efforts expended in obtaining the recovery for the injured party, the amount of the recovery, and the amount of the Commonwealth's lien against that recovery. In making this determination, the trial court may reduce, but not eliminate, the fee provided for in the contract for legal services between the injured party and the attorneys in order to provide equitable portions of the recovery to the injured party, the injured party's attorneys, and the Commonwealth.

Applying these principles to the facts of this case, we hold that the trial court erred in failing to award some portion of the recovery to the Commonwealth while providing Huynh's attorneys the full amount of their contractual fee. This is

9

particularly true in light of the fact that both the

Commonwealth and Huynh's attorneys concede that the portion of

the recovery afforded to Huynh under the trial court's

apportionment provided her with less than complete relief, and

was inadequate to meet her expected future needs.  Indeed, the

trial court's use of a "Special Needs" trust to preserve Huynh's

share of the recovery was predicated on the inescapable

conclusion that her future medical expenses would rapidly

exhaust the money awarded to her if it were not sheltered in a

manner that would allow her to continue receiving assistance

from the Commonwealth.  Accordingly, we will reverse the

judgment of the trial court on this issue and remand this case

to the trial court to make an appropriate apportionment.[3]

In addition to challenging the trial court's application of

its authority to reduce the Commonwealth's lien pursuant to Code

§ 8.01-66.9, the Commonwealth also assigned error to the trial

judge's failure to recuse herself from consideration of this

case.  Nothing in the record discloses an actual conflict of

---

[3] In light of our holding, we need not address in detail
Huynh's assertions that the trial court did not reduce the
amount of the Commonwealth's claim and, thus, that the
Commonwealth may ultimately recover on its claim at her death
under the provisions of the Special Needs trust.  We simply note
that Code § 8.01-66.9 concerns the Commonwealth's lien on the
injured party's present recovery from the tortfeasor and not the
Commonwealth's ability to ultimately recover on its claim in the
future.

interest, as defined by Canon 3(E) of the Code of Judicial Conduct, that would have required the trial judge to recuse herself.  Accordingly, we find no merit in this assignment of error.

CONCLUSION

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in this opinion.[4]

Reversed and remanded.

---

[4] In light of our resolution of the main issue, we need not address the Commonwealth's remaining assignment of error.

11