# CIRCUIT COURT OF ARLINGTON COUNTY

Carlos Diaz et al.

v.

Arlington
Anesthesia, Inc., et al.

August 9, 2001

Case Nos. CL97-662, CL97-663, CL98-1059

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter came before the Court on plaintiff's Motion to Reduce Medicaid Lien, argued by counsel on July 9, 2001. The Court has carefully reviewed plaintiff's Memorandum in Support, the Commonwealth's Opposition, and the Answer of the Guardian *ad Litem*, as well as the relevant case law. Taking into account the equities of the case, this Court will reduce the Medicaid Lien and apportion the recovery in the manner set forth below.

## Factual Background

This is a heartbreaking case where the plaintiff, Carlos Diaz, was catastrophically and permanently injured after being admitted to Arlington Hospital for repair of an inguinal hernia. During the course of his medical treatment, Diaz suffered from brain damage and cerebral palsy, from which there is no reasonable hope of recovery. He requires constant care and will need specialized medical treatment for the rest of his life.

On March 28, 2001, this Court entered an Order approving a settlement as to defendants Arlington Health Foundation and Arlington Hospital for $150,000.00. This Court entered a second order approving a settlement as to Arlington Anesthesia, Inc., and its agents on May 3, 2001, in the amount of $500,000.00 (plus $6,187.50 in costs paid directly to certain expert witnesses).

The plaintiff now seeks to reduce the Commonwealth's $866,053.22 Medicaid lien and apportion the settlement.

## Apportionment of the Settlement

Counsel for the plaintiff, the Guardian *ad Litem*, and the Commonwealth have all submitted memoranda setting forth their positions on how the settlement should be apportioned. This Court has authority to apportion the recovery "between the plaintiff, the plaintiff's attorney, and the Commonwealth . . . as the equities of the case may appear." Va. Code Ann. § 8.01-66.9. The statute calls for a "case-by-case analysis to ensure that the Commonwealth is permitted to assert its lien subject to a just recovery for the injured party and reasonable compensation for her counsel." *Commonwealth v. Huynh*, 262 Va. 165, 172, 546 S.E.2d 677, 679 (2001). It is in the sound discretion of the Court to apportion the recovery, as long as the plaintiff's attorney has made a "good faith effort to negotiate a compromise pursuant to § 2.1-127." Va. Code Ann. § 8.01-66.9.

This Court agrees with the Guardian *ad Litem* that the plaintiff's attorney has made a sufficient good faith effort to negotiate a compromise. The parties' proposals are far apart, but nevertheless, this Court finds that the attempt has been made in good faith. Therefore the Court may reduce the amount of the lien and apportion the recovery between the plaintiff and the plaintiff's attorney.

## A. *Reduction of the Lien*

The plaintiff's attorney, Mr. Steven M. Garver, gives two proposed sets of numbers for reducing the lien. The first is based on $656,000.00 as a percentage of $20,000,000.00, the amount suggested by Plaintiff's mock jury. Under this scenario, Mr. Garver suggests a lien amount, after reductions, of $14,355.00. The second suggestion is based on the lien, if reduced by 1/20th. After reductions under that scenario, Mr. Garver suggests a lien amount of $20,112.65. The Guardian *ad Litem* proposes very similar numbers and suggests a lien amount of $31,958.00.

The Assistant Attorney General proposes that the lien be reduced to $200,000.00. This number is indeed much higher than the proposals of the plaintiff's attorney and the Guardian *ad Litem*. However, in taking into account the equities of the case, the Court must recognize that the Commonwealth is not the tortfeasor. The Court's decision could impact the many other citizens who are in need of Medicaid funds. For this reason, the

Court finds that the proposals of plaintiff's counsel and the Guardian are low. The lien is very large at $866,053.00, and allowing the Commonwealth to recover such a small fraction of the settlement proceeds would not serve the best interests of its citizens.

The Court also finds that the Commonwealth's proposal of $200,000.00 is high. The Court has considered the permanent injuries suffered by Diaz, and the fact that, in this case, the cap on damages is unfortunate. He will be totally dependant on others for the rest of his life. For this reason, given the equities of the case, the Court will reduce the amount of the Medicaid Lien to $85,000.00.

B. *Attorney's Fees and Costs*

The fee agreement between Mr. Garver and the plaintiffs provides for a 40% contingency fee, which amounts to $260,000.00. While Mr. Garver has not volunteered to reduce his attorneys fees, the Guardian *ad Litem* suggests that a 33% contingency ($214,500.00) plus costs would be appropriate. The Commonwealth agrees with the suggestion of 33%, but believes that the costs should be included in that number.

This Court is of the opinion that Mr. Garver has represented his clients competently and professionally and agrees with Mr. Garver that the work prepared in this cause was indeed complex. The Court commends Mr. Garver for negotiating a favorable settlement for his clients. However, in considering the equities of the case and carefully reviewing the Affidavit of Attorney's Fees, the Court is of the opinion that a 33% contingency fee would be more appropriate than 40%. The Court therefore apportions $214,500.00 in fees to Mr. Garver.

The more difficult calculation for the Court is Mr. Garver's costs. The Court has reviewed the Submission of Costs and Expenses, which totals $76,597.36. The Assistant Attorney General asks that Mr. Garver's costs be included in his fees, and the Guardian *ad Litem* suggests that Mr. Garver be reimbursed for the entire amount listed in his submission. In viewing all of the equities of the case, the Court cannot easily look past the fact that every dollar apportioned to the Commonwealth or to Mr. Garver will mean one dollar less for Diaz. While this Court feels that Mr. Garver is certainly entitled to be reimbursed for many of the expenses he has incurred while handling this case, this Court agrees with Judge Johnson in Richmond, who has stated that some expenses, such as "copying costs, postage, and transportation, seem to this court to be matters of normal office overhead, and not proper items for reimbursement." *Barreca v. Tillery*, 34 Va. Cir. 36, 37 (Richmond City 1994).

Though a contingency contract may call for reimbursement of those items, when the Court is asked to reduce the liens of the Commonwealth and the plaintiff, it is in the Court's discretion to look at the amounts claimed by plaintiff's counsel, whether or not they are matters of contract. *See id.*

After carefully reviewing Mr. Garver's revised Submission of Costs and Expenses, the following items will be removed from counsel's lien:

| | |
|---|---|
| In House Copying Expenses | $19,589.84 |
| Facsimile Charges | $ 1,449.00 |
| Legal Research | $ 1,280.52 |
| Supplies | $ 370.29 |
| Other Administrative Costs/ Expenses | $ 1,482.17 |
| | |
| Total subtracted from Costs and Expenses | $24,171.82 |

The Court therefore apportions $52,426.04 to Mr. Garver for his Costs and Expenses, in addition to the $214,500.00 in counsel fees. Viewing the equities of the case, the Court feels that this is a fair and reasonable apportionment.

C. *Plaintiff's Recovery*

The Court will apportion $298,073.96 to the plaintiffs. Unfortunately, in these cases, there never seems be enough money to go around to satisfy everyone, but the Court feels that this apportionment is reasonable for all involved. On Monday, August 13, 2001, at 9:30 a.m., Mr. Garver will present argument on how the disbursement to the plaintiffs should occur.

*Conclusion*

The apportionment stands as follows:

| | |
|---|---|
| Medicaid | $ 85,000.00 |
| Plaintiff's Attorney (fees and costs) | $266,926.04 |
| Plaintiff | $298,073.96 |
| | |
| Total | $650,000.00 |