## CIRCUIT COURT OF THE CITY OF RICHMOND

Tina L. Quivers

v.

Elizabeth C. Suffee

December 3, 2001

Case No. LM-1585-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff in this settled personal injury action asks the court to reduce the medical services lien of the Medical College of Virginia Hospitals (MCV). The court has the authority to reduce MCV's lien pursuant to Va. Code § 8.01-66.9, which provides, in pertinent part:

> The court in which a suit by an injured person ... has been filed against the person ... alleged to have caused such injuries ... may, upon motion or petition by the injured person ... reduce the amount of the lien[] and apportion the recovery, whether by verdict or negotiated settlement, between the plaintiff, the plaintiff's attorney, and the Commonwealth or such Department or institution as the equities of the case may appear. . . . The court shall set forth the basis for any such reduction in a written order.

Plaintiff is thirty years old. On August 5, 2000, she was injured when the car in which she was riding was struck by a car operated by the defendant. Plaintiff suffered serious and permanent injuries, including a closed head injury, a fractured shoulder, a fractured arm, a fractured ankle, and multiple abrasions. She remained in the hospital for approximately two months and will need future medical care.

The case has been settled for $338,400. Of that amount, MCV is owed $76,624.58. After payment of all other medical bills and litigation-related expenses, including an attorney's fee of $110,000, which represents a $2,800 reduction from the agreed upon one-third contingency fee, plaintiff is left with a net recovery of $136,762.53. Plaintiff seeks a reduction in MCV's lien to make her net recovery larger.

The Supreme Court has recently spoken on the issue of reducing liens under Va. Code § 8.01-66.9. In *Commonwealth v. Huynh*, 262 Va. 165, 546 S.E.2d 677 (2001), the Court said:

Code § 8.01-66.9 necessarily involves a case-by-case analysis to ensure that the Commonwealth is permitted to assert its lien subject to a just recovery for the injured party and reasonable compensation for her counsel. The statute, however, provides little guidance for determining whether, or by how much, to reduce the Commonwealth's lien if the recovery is inadequate to meet the just claims of all three parties. The only guidance which has been given to assist the trial court, and this Court on appeal, in determining what factors should be considered in deciding how, or even whether, such relief is warranted, is the general doctrine of "the equities of the case." Accordingly, the ultimate decision is a matter of sound judicial discretion.

262 Va. at 172.

Based on the equities of this case, the court does not believe that a reduction of MCV's lien is appropriate.

As already noted, plaintiff was seriously and permanently injured and will require future medical treatment. Those facts are not disputed. It is also not disputed that MCV provided valuable medical services to plaintiff in treating her injuries. If those services are not paid for by plaintiff out of her recovery in this case, they will be paid for by the taxpayers of the Commonwealth. Also, the parties have informed the court that because of plaintiff's circumstances, which need not be set out here, any recovery obtained by plaintiff in this action will be placed in a "special needs trust." Such trust not only allows plaintiff's recovery to be used solely for her welfare and benefit under the direction of a trustee, but also allows plaintiff to remain eligible for Medicaid, meaning that her future medical expenses will be paid for without having to spend the money recovered in this case. Thus, none of the $136,762.53 that plaintiff will receive as her net recovery will have to be used for medical treatment. Under those circumstances, the court feels that plaintiff's net recovery, even without a reduction in MCV's lien, is a "just" one within the meaning of *Commonwealth v. Huynh, supra*. No reduction will be ordered.